FAIR et al. v. DICKERSON.

(Division B. Nov. 7, 1932.)

[144 So. 238. No. 30213.]

E. M. Livingston, of Louisville, and Baskin, Wilbourn & Miller, of Meridian, for appellants.

434

436

R. W. Boydston and Rodgers & Prisock, all of Louisville, for appellee.

**Griffith, J.,** delivered the opinion of the court.

On March 20, 1923, Mrs. S. D. White sold and conveyed to the Mitchell Lumber Company all the pine timber on a described forty acres of land in Winston county, together with a period of seven years, and all the necessary rights of way, for the removal of said timber. Soon thereafter the lumber company entered upon the lands, and, according to the testimony of appellants, cut therefrom about thirty per cent. of the merchantable timber,

and left the remaining timber for a later cutting. The testimony in behalf of appellee would show, or tend to show, that the lumber company at the time mentioned cut all the merchantable timber then on the land. The timber deed to the lumber company had been promptly recorded.

On January 24, 1925, Mrs. White conveyed the lands, on which the timber was located, to L. E. Hisaw, and on October 11, 1928, Hishaw conveyed said land to appellee. Neither of said deeds contained any reservation in regard to timber. On the 1st day of February, 1926, the Mitchell Lumber Company made a deed of conveyance of all their sawmill machinery and of all their timber and timber rights to appellants, in pursuance of which deed appellants in 1929 entered upon the forty-acre tract, first above mentioned, and proceeded to cut and remove therefrom all the remainder of the mercantable pine timber then on said forty.

Immediately upon the beginning of said cutting in 1929, appellee protested to appellants, and claimed as a ground therefor that all the merchandise timber had been cut and removed on the first cutting, and that the timber on the land at the second proposed cutting was that which had grown to a merchantable size and quality since the first cutting, and hence was not within the operation of the said timber deed. Appellants nevertheless proceeded, and, when about six thousand feet of said timber had been cut and removed to appellants' mill, appellee made affidavit and procured the issuance of a writ of replevin for said six thousand feet, it appearing that, at the time of the affidavit in replevin, the six thousand feet had been put through the saw and had been converted into lumber. The case in replevin was tried in the justice court, and was thence appealed to and tried de novo in the circuit court, wherein there was a jury and verdict for the defendants therein, appellants here, and there

was no appeal from the judgment in the circuit court entered in pursuance to the said verdict.

Appellants did not await the outcome of the replevin suit, but continued, without actual interruption, upon the said second cutting, and soon completed the work of removing all the remaining merchantable pine timber from the land. The amount removed, according to the finding of the chancellor, was fifty thousand feet, including the six thousand feet already mentioned. After the judgment in replevin, and after the completion of the second cutting, appellee filed suit in the chancery court to recover the value of all the timber removed from the land by appellants during the year 1929. Appellants, without raising any question as to the proper cognizance of said suit in a chancery court, answered the bill, and, as allowed by statute, inserted in their answer as one of their defenses the plea that the issues presented by said bill in chancery had been concluded and had become res adjudicata by the judgment in the replevin suit. The chancellor in his decree recognized and gave effect to the judgment in replevin, but only so far as concerned six thousand feet out of the total of fifty thousand feet found by him to have been wrongfully removed from the land, and he gave a decree in favor of appellee for the value of the balance of forty-four thousand feet.

Appellants assign as error the failure of the chancellor to make the judgment in replevin as to the six thousand feet effective as res adjudicata for the entire amount here sued for. Quoting from appellants' brief on this point, they say: "The decree is erroneous because the judgment in the replevin suit is a conclusive estoppel against appellee to relitigate with appellants, in this suit, the question of his right to timber cut off of this land by appellants under their purchase from Mitchell within the seven-year period. The court below while holding the point had been litigated as to the six thousand feet

involved in the replevin suit, did not rightly nor fully apply the estoppel resulting from the prior judgment. It is manifest from the record that the six thousand feet sued for in replevin was a part of the total timber cut by appellants; that the appellee in the replevin made the same claim of title in that suit to that part of the timber that he made to the timber here involved; and that the right here asserted is predicated on the same basis as the claim set up in the replevin suit. The suit was between the same parties, in a court of competent jurisdiction, involving the same points of law upon the same deeds and facts. In the replevin suit, the court necessarily determined who had the better right to the timber as to which the parties were disputing.'' And thereupon appellants quote from the testimony of appellee on cross-examination wherein appellee testified that the repleving suit was instituted in the effort to recover for a part of the same timber that is involved in the present suit—that the replevin suit was for a part of the timber cut by appellants from this same land and as a part of the same continuous operation. And appellee further testified in the same connection that he had requested appellants not to cut the timber; that appellants informed him that they were going to cut it nevertheless; that it was the intention of appellee to keep up with them in that operation; and that the replevin suit was brought for that purpose.

An appellee having so testified, and having thereby established by his own testimony prima facie the contention of appellants upon this issue of res adjudicata, there was no effort made by him or his solicitors to show that there was any difference in the character or quality of the timber involved in the replevin suit from the remainder of the timber immediately thereafter cut by appellants, all in the same uninterrupted cutting operation; there was no effort to show any special facts ap-

plicable to the six thousand feet which would, as to the issues in the present suit, differentiate the said six thousand feet on the merits; and there was no effort to show that the replevin suit was determined on any procedural question aside from the merits, as, for instance, that the replevin suit failed because the plaintiff therein failed to sufficiently identify the property as being in fact timber that came from his land.

Nothing is shown in the evidence or is urged here in argument which would in point of fact relieve the case now before us from the conclusion of res adjudicata, except that it is argued by appellee that (1) a suit in replevin is a possessory action and adjudicates nothing except as to possession, and (2) that, when the action in replevin was brought for the six thousand feet, the other timber had not then been cut, that the action of replevin could not have been brought for the timber not then cut, and, in consequence, the decree here before us for the forty-four thousand feet cut after the cutting of the six thousand feet is for a different cause of action, and hence, as appellee contends, is not concluded by the judgment in replevin.

It is true that a judgment in replevin ordinarily determines nothing more than the right of the successful party to the immediate possession of the property in question; but, when the right to possession is dependent upon title or ownership, and title or ownership is the issue upon which the decision as to the right of possession actually turns, then a judgment in replevin is as fully conclusive upon the said issue of title or ownership as would be the same determination in any other form of action or in any other court of competent jurisdiction. 34 C. J., pp. 964, 965. And "it is well settled that where some controlling fact or question material to the determination of both actions has been determined in a former suit, and the same fact or question is again at issue be-

tween the same parties, its adjudication in the first will if properly presented be conclusive of the same question in the latter suit without regard to whether the cause of action is the same or not, or whether the second suit involves the same or a different subject-matter, or whether or not it is in the same form of proceeding." 15 R. C. L., pp. 974, 975. " 'The rule is general that a former judgment on the merits, between the same parties, in a court of competent jurisdiction, is conclusive and final as to any issue actually litigated and determined in the former action, however erroneous, and which issue is essential to the maintenance of a second action between them, though it be brought upon a different cause of action.' " Cotton v. Walker (Miss.), 144 So. 45, decided October 31, 1932. See, also, Von Zondt v. Braxton, 149 Miss. 461, 465, 115 So. 557.

Applying the foregoing principles of law to the facts and to the state of the record here before us, we are of the opinion that the judgment in replevin was conclusive and final as to the issues now presented, and that the bill should have been dismissed.

Reversed, and decree here for appellants.