GENERAL MOTORS ACCEPTANCE CORPORATION *et al. v.* SHOE-
MAKE.

(In Banc. Feb. 23, 1942. Suggestion of Error Overruled March 9, 1941.)

[6 So. (2d) 309. No. 34849.]

Hugh McIntosh, Jr., of Collins, for appellant.

W. U. Corley, of Collins, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an action by the appellee under Section 2255, Code of 1930, to impress a mechanic's lien on an automobile truck, in which there was a judgment in his favor. The appellant filed a plea of res judicata and its only complaint in this court is that the court below erred in sustaining a demurrer to this plea.

The record discloses that Myers purchased the truck from Donald Chevrolet Company by a written contract of sale setting forth twelve deferred payments due on the truck evidenced by notes for $41 each and reserving title to the truck until all of these notes were paid and providing that "if purchaser default in complying with the terms hereof, or seller deems the property in danger of misuse or confiscation" the seller may take possession of the truck and resell it for the payment of the balance due him thereon. While Myers was using the truck on highway construction work in Covington County it was repaired for him by the appellee and returned to him without his paying the appellee's charges therefor. Afterwards Myers carried the truck into Lawrence County where he contracted another indebtedness for repairs to it by Allen & Sandifer, who instituted an action to recover the same and to impress a lien on the truck for the payment thereof. Myers was the only party defendant to this action. The appellee hearing thereof intervened therein under Section 2263 of the Code. A judgment was rendered against Myers on both of these claims and the truck was directed to be sold for the payment thereof. Allen & Sandifer then assigned their interest in this judgment and their lien on the truck to the appellee, who shortly thereafter purchased the truck at its sale under the judgment and removed it to his place

of business in Covington County. Myers' notes for his
deferred payments on this truck, together with the sales
contract under which he purchased it, were assigned by
Donald Chevrolet Company to General Motors Acceptance
Corporation, which corporation, after the return of the
truck to Covington County, instituted an action of re-
plevin against Shoemake therefor, in which a judgment
was rendered awarding the Acceptance Corporation the
possession of the truck. Afterwards the instant action by
Shoemake to impress a lien on the truck was instituted.
Shoemake's affidavit makes Myers, the General Motors
Acceptance Corporation, and Fagan Chevrolet Company
(successors to the rights of Donald Chevrolet Company),
defendants thereto. No service of process was had on any
of these parties, but the two latter appeared and defended
the action. The judgment plead as res judicata to this
action by Shoemake is the judgment rendered against
him in the replevin action in favor of General Motors
Acceptance Corporation. This judgment is res judicata
here if, but not unless, Shoemake's right to a lien on the
truck because of the repairs made thereto entitled him
to retain possession thereof as against the claim of
General Acceptance Corporation. General Motors Ac-
ceptance Corporation under the assignment to it of the
contract by which Myers purchased the truck had a lien
thereon and the right to the possession thereof, but sub-
ordinate to that of Shoemake for the repairs made by
him and by his assignors Allen & Sandifer, provided the
repairs were ''reasonably necessary for its preservation
and operation, and to prevent deterioration.'' Moorhead
Motor Co. v. H. D. Walker Auto Co., 133 Miss. 63, 97 So.
486, 487; Broom & Son v. S. S. Dale & Sons, 109 Miss. 52,
67 So. 659, L. R. A. 1915D, 1146; Wingate v. Mississippi
Sec. Co., 152 Miss. 852, 120 So. 175. The Lawrence County
judgment condemning the truck for sale for the payment
of the repairs thereto was valid and binding on Myers but
not on General Motors Acceptance Corporation, it not
having been made a party to the action in which the

judgment was rendered. The purchase of the truck by Shoemake at its sale under this judgment vested in him the same title thereto possessed by Myers, which was ownership thereof subject to the lien thereon of General Motors Acceptance Corporation for the balance due by Myers on his contract of purchase. These two mechanic's liens of Shoemake were not merged into this judgment as against General Motors Acceptance Corporation but remained in effect and that Corporation was entitled to dispossess Shoemake of the truck when, but not until, it paid him what Myers owed him, if anything, for the repairs to it. This right of Shoemake to retain possession of the truck against General Motors Acceptance Corporation would have been a good defense by him to the replevin action and if it was an issue therein the judgment there rendered is res judicata both of Shoemake's then right to possession of the truck and of his claim to a lien thereon for repairs thereto on which this right of possession was or could have been based. Fair v. Dickerson, 164 Miss. 432, 144 So. 238. Shoemake interposed a plea of not guilty in the replevin action which was the only plea under Section 3097, Code of 1930, he was required or had the right to interpose, and under which all facts that would have sustained his claim to the possession of the truck could have been given in evidence. Bell v. Smith, 155 Miss. 227, 124 So. 331; Munn v. Potter, 111 Miss. 180, 71 So. 315. Shoemake's claim to a mechanic's lien on this truck was therefore presented by this plea and was an issue in the case, consequently the judgment rendered is res judicata thereof whether he actually introduced evidence in support of it or not. 34 C. J. 920. Among this court's numerous cases so holding are Hardy v. O'Pry, 102 Miss. 197, 59 So. 73, and Fair v. Dickerson, supra.

Reversed and remanded.