FUNCHESS *v.* PENNINGTON.

In Banc. Feb. 28, 1949.

(39 So. (2d) 1)

J. N. Yawn and Lotterhos, Travis, & Dunn, for appellant.

**Garth & Cassedy,** for appellee.

510

Roberds, J.

Pennington, as security for the unpaid purchase price, retained the title to a Chevrolet truck sold and delivered by him to T. J. Flemmings under a conditional sales contract. Funchess, doing business as Wesson Motor Company, claims he furnished labor and materials in the re-

pair of the truck under such circumstances as vested in him a lien upon the truck superior to the claim of Pennington. The question was submitted to the trial judge under an agreed statement of facts, waiving a jury. The judge decided in favor of Pennington, and Funchess appeals. The correctness of that holding is the question for decision on this appeal.

The problem reduces itself to the inquiry whether appellant, by the stipulation and exhibit thereto, there being no other testimony, has shown that he had a lien upon the truck, and, if so, the amount secured thereby, and whether the labor and materials furnished by him, constituting the bases of his lien, were reasonably necessary to preserve the truck, enable it to operate in the ordinary way and prevent deterioration. The cases impose that burden upon one claiming such a lien as against one holding title as security for the unpaid purchase price. Broom & Son v. S. S. Dale & Sons, 109 Miss. 52, 67 So. 659, L. R. A.1915D, 1146; Moorhead Motor Company v. H. D. Walker Auto Company, 133 Miss. 63, 97 So. 486; Wingate v. Mississippi Securities Company, 152 Miss. 852, 120 So. 175; Devan Motor Company v. Bailey, 177 Miss. 441, 171 So. 342; General Motors Acceptance Corporation v. Shoemake, 192 Miss. 446, 6 So. (2d) 309. The trial judge found that the stipulation and exhibit did not meet that burden. Can we say his conclusion is clearly wrong?

It is necsesary that it be shown that the labor and materials constitute repairs to the truck, as distinguished from "articles purchased for an automobile", or fuel to enable it to operate. Moorhead Motor Company v. H. D. Walker Auto Company. supra. The stipulation studiously avoids using the word "repairs." It says "certain mechanical work was one upon said truck which was labor and parts as itemized on the list attached hereto"; therefore, what items on the list constituted, or did not constitute, repairs, and the value thereof, had to be gleaned from the itemized list by the trial judge, and

must be so gleaned by us. The list contains fifty-eight items, of which seven are designated labor. In the fifty-one remaining items are articles described as "Pressure plate"; "disc"; "Cone"; "cage"; "Tie-in"; "lock" "5 qrs. oil"; and others of uncertain character and identity to the ordinary person, followed by the amount charged therefor. The total charge for the seven items of labor aggregated $153.15. Some of these are simply described as "labor"; in others the word labor is followed by such designation as "ring job". It is evident, we think, that the trial judge could not, with any degree of certainty, cull out from this list of items, without the aid of any other proof, those constituting repairs to the truck, and determine therefrom the extent of the labor involved in making such repairs, and the total value of such rpeair articles and labor so as to give judgment for any certain amount.

If the labor and materials constitute repairs, then the lienor must show "the repairs were reasonably necessary to preserve the property and permit its ordinary operation, and prevent deterioration." Were these repairs, and the labor to make them, assuming they constituted repairs, limited to these objects, or did they go beyond such objects, and, if so, how much? The owner "drove" the truck to the mechanic the next day after he bought it from Pennington. It had not depreciated any from his use of it. The total mechanic's bill was $243.10. Was it necessary to expend that sum to "keep the car in reasonable repair, so that it could operate and move in the ordinary way"; Wingate v. Mississippi Securities Company, supra [152 Miss. 852, 120 So. 176], or was Flemmings, the purchaser, trying to have his truck made practically new? Was it necessary to expend that amount to "keep the car in reasonable repair"? Maybe so, but how was the trial judge to know that was a fact from a mere inspection of fifty-eight items? The stipulation did not state this expenditure was necessary to keep the truck in reasonable repair and enable it to op-

erate in the ordinary way. If these were the facts, the mechanic could have made the proof rather than place the burden on the judge to try to deduce them from a list of articles and labor supplied for the truck.

Appellant says the Broom case, supra, controls. The stipulation therein said the labor and materials furnished in that case constituted "repairs", within the meaning of the statute, to the automobile. Furthermore, the opinion emphasizes that the title holder knew the repairs were being made and offered no objection thereto, and the later cases also stress that fact in discussing the Broom case, although recognizing that the lack of knowledge on the part of the title holder does not prevent the claim of the lienholder from being superior if the other essential elements are present. Here, Pennington had no knowledge that Funchess was working upon or supplying any articles for the truck.

We think that the Moorhead Motor Company case, supra, is nearer in point. There, as here, was a stipulation, and a list of the furnished articles and the labor done. The Court said [133 Miss. 63, 97 So. 487]: "It will be observed that the articles or alleged repairs named in the list which were furnished and used upon the car were not shown to be reasonably necessary for its preservation and operation, and to prevent deterioration". The list exhibited, 133 Miss., at page 71, 97 So. at page 487 of the report of the Moorhead case was not the complete list exhibited in that case. If it be said the items appearing in the report of the case did not by their nature, vest in the mechanic a lien upon the car, an examination of the original list in the record of the case contains other articles additional to those in the report which additional articles, by their nature, clearly appear to confer on the mechanic a lien therefor, as, for instance, tightening the steering wheel, furnishing gaskets and spark plugs, adjusting and repairing breaks, cleaning spark plugs, etc.

We cannot say the learned trial judge was in error in failing to deduce as facts from the stipulation and itemized list in this case all of the elements necessary to adjudge the lien of the mechanic superior to that of the security title holder.

Affirmed.