FORREST CATE FORD, INC., Appellant, v.
HERBERT E. FRYAR et al., Appellees.
—465 S.W.2d 882.

Western Section. October 15, 1970.

Certiorari Denied by Supreme Court April 5, 1971.

Horace L. Smith, Jr. and Tom Kale, Chattanooga, for appellant.

Miller, Martin, Hitching, Tipton, Lenihan & Waterhouse, Chattanooga, for appellee American National Bank & Trust Co.

Stone & Bozeman, Knoxville, for appellee, East Tennessee Motor Co.

MATHERNE, J. This is an appeal from the judgment of the Circuit Court wherein the Court held a recorded security interest in a motor vehicle was superior to a non-possessory statutory lien for repairs to the motor vehicle as allowed by T.C.A. sec. 64-1901 et seq. The above holding constitutes the only issue before this Court on appeal.

The appellant repairman in the usual course of its business made numerous repairs to four vehicles owned by the defendant Herbert Fryar. Appellant did not retain possession of these trucks and upon Fryar's failure to pay the accumulated repair bills the appellant instituted attachment proceedings against the four trucks as provided in T.C.A. sec. 64-2101 to enforce its lien given by T.C.A. sec. 64-1901 et seq.

The appellee American National Bank and Trust Company held a recorded security interest in two of the trucks, and appellee East Tennessee Motor Company held a recorded security interest in the other two trucks. The security interest of each appellee in each truck pre-dated the repairs, and neither appellee knew of, consented to, or in any manner acquiesced in the accomplish-

ment of the repairs, or in the surrender of the possession of the trucks by the appellant.

Upon the trucks being attached by appellant as allowed by the statute invoked, the two appellees intervened and asserted, under the facts, their recorded security interest was superior to appellant's lien for repairs.

It appears under the established law of this state a repairman has available two remedies to secure payment of the amount due him for repairs to "conveyances" in general: (1) a common law possessory lien which is lost upon relinquishment of possession of the property or conveyance repaired, and (2) a statutory lien given by T.C.A. sec. 64-1901 et seq., which is not dependent upon possession. Gem Motor Co. v. Securities Investment Co. (1933) 16 Tenn.App. 608, 65 S.W.2d 590; Shaw v. Webb (1914) 131 Tenn. 173, 174 S.W.2d 273. This distinction being pointed out in the Gem Motor Co. case as follows: "The artisian's 'common law lien' and his 'statutory lien' for repairs on an automobile are designed for the same purpose, and, aside from the method of enforcement, the sole difference is that the former depends for its continuance upon the possession of the property by the artisan, and the latter does not."

We conclude under the facts the appellant had a statutory lien on the four trucks for the repair bill owing, because all provisions of T.C.A. sec. 64-1901 et seq. had been met, and the surrender of possession to the owner did not abolish the lien.

The issue, however, is the *priority* of the non-possessory statutory lien in relation to a previously recorded

security interest held by the appellees in the same motor vehicles. We do not find a reported Tennessee case on the question, rendered since the passage of the Uniform Commercial Code by the Tennessee General Assembly in 1963.

The Supreme Court of Tennessee has ruled on the priority of the common law possessory lien of a repairman as against a recorded security interest in a motor vehicle, considering the provisions of the Uniform Commercial Code. In Manufacturers Acceptance Corporation v. Gibson (1967) 220 Tenn. 654, 422 S.W.2d 435, the Court held the common law possessory lien superior to the recorded security interest. In that case the Court stated:

"The subject of priority of liens is specifically covered by T.C.A. sec. 47-9-310, which provides as follows:

*Priority of certain liens arising by operation of law.*—When a person in the ordinary course of his business, furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise. (Acts 1963, ch. 81, sec. 1(9-310).' "

We therefore have the foregoing statutory designation of priority of liens and cases decided prior to the enactment of that statute would be of little value. The question of priority here presented must be decided based upon an interpretation of the above quoted statute.

Each side to this appeal relies upon the *Manufacturers Acceptance Corporation* case as authority for its posi-

tion that its respective lien is superior, when considered under the provisions of T.C.A. sec. 47-9-310.

The holding and reasoning of the Court in the *Manufacturers Acceptance Corporation* case must be read in the light of the fact the Court was there considering a possessory lien. There is no indication the Court in that case intended to pass upon the priority of a lien where the repairman had surrendered possession to the owner. We conclude the Supreme Court in that case held the lien of an artisan *in possession* has priority: ''(1) when based upon the common law, and (2) when based upon a statute which does not expressly provide for its subordination.'' T.C.A. sec. 64-1901, et seq. does not provide for subordination of the lien, and is silent on the subject of priority.

It is true as asserted by the appellant, one of the accepted purposes of T.C.A. sec. 47-9-310 was to provide that a lien securing claims for work intended to enhance or preserve the value of the collateral takes priority over an earlier security interest. However, the wordage of the statute, given its clear meaning and full import, limited this priority to those liens upon ''goods in the possession of'' the artisan or repairman. This interpretation is borne out in the concluding paragraph of the *Manufacturers Acceptance Corporation* case, which states:

''Applying the language of T.C.A. sec. 47-9-310 to the situation here, Alert (repairman) did furnish services and materials in the ordinary course of business to goods which were subject to a security interest. Alert exercised a lien upon the goods while in its possession. Consequently, this lien takes priority over the

perfected security interest held by M.A.C." (Parenthesis supplied)

Appellant relies heavily on the case of Corbin Deposit Bank v. King (Ky.App. 1964) 384 S.W.2d 302, wherein a repairman's lien was held superior to a perfected security interest. The holding in that case was based upon the same provision of the Uniform Commercial Code carried as T.C.A. sec. 47-9-310. There is an important difference in the Kentucky case wherein the repairman there retained possession of the motor vehicle repaired until it was removed from his possession by the sheriff acting under proper court order.

We conclude the plain import of T.C.A. sec. 47-9-310 is the repairman must retain possession of the vehicle repaired in order to maintain the *priority* of his statutory lien, acquired under T.C.A. sec. 64-1901 et seq., over that of a previously perfected security interest in the same vehicle. *Manufacturers Acceptance Corporation* case, supra.

This holding is also in accord with the provisions of T.C.A. sec. 59-327(a) of the Tennessee Motor Vehicles Certificate of Title laws, wherein that statute provides for the priority of liens noted on certificates of title of motor vehicles over all creditors of the owner, subsequent purchasers and encumbrances, "except such liens as may be authorized by law dependent upon possession."

It results the Assignment of Error is overruled and the judgment of the Trial Court is affirmed. Cost of this appeal is adjudged against the appellant.

Carney, P. J., and Nearn, J., concur.