**Ernest KRUEGER and Bruce C. Hobbs, d/b/a the Performance Shop, Appellants,**

v.

**TEXAS STATE BANK, Appellee.**

No. 12239.

Court of Civil Appeals of Texas, Austin.

Oct. 1, 1975.

Rehearing Denied Oct. 22, 1975.

Philip F. Patman, Patman & Patman, Austin, for appellants.

William H. Bingham, McGinnis, Lochridge & Kilgore, Austin, for appellee.

O'QUINN, Justice.

The controlling question in this appeal is whether mechanics, claiming a lien on a motor vehicle in their possession under Articles 5503 and 5506, Vernon's Tex.Civ.Sts., are entitled to priority over a prior secured party, in this case the bank, that has perfected its security interest on the certificate of title to the vehicle.

We hold that under section 9.310 of the Texas Business and Commerce Code the

mechanic's lien is entitled to priority. *Gulf Coast State Bank v. Nelms*, 525 S.W.2d 866 (Tex.Sup.1975).

The registered owner of the vehicle left it with appellants, Ernest Krueger and Bruce C. Hobbs, doing business as The Performance Shop, in May of 1973 for extensive repairs and additional work, which appellants completed and made a charge, found by the trial court to be reasonable and customary, in the amount of $1,152.38. Prior to repairs on the vehicle, Texas State Bank had entered into a security agreement with the owner and complied with the Texas Certificate of Title Act to record its lien in the records of the Texas Highway Department. The unpaid balance of the obligation of the owner to the bank, in October of 1973, amounted to $2,846.29.

In August and September of 1973 appellants sought to comply with the Texas Abandoned Motor Vehicle Act (Art. 6687–9; Acts 1971, 62nd Leg., p. 2436, ch. 784, art. I, eff. Aug. 30, 1971). As required by the statute, the Police Department of the City of Austin notified Texas State Bank of the proceedings. Prior to the date on which the vehicle could be auctioned under the statute, Texas State Bank instituted this suit.

The bank sued initially on the promissory note, given by the registered owner of the vehicle, for the sum of $2,846.29, but promptly amended, joining appellants, and sought possession of the vehicle and foreclosure of the bank's purchase money lien. The bank also applied for a restraining order and asserted that it held a "valid, first and superior lien." The trial court enjoined appellants and the City of Austin from further action in proceedings under the Texas Abandoned Motor Vehicle Act pending trial on the merits.

The parties joined issue on several matters, but the principal and controlling issue emerged from the claim of each party to priority of lien over the lien of the opposing party.

The trial court entered judgment August 24, 1974, awarding Texas State Bank judgment in the sum of $2,846.29, together with attorney's fees, costs, and interest. The judgment ordered foreclosure of the bank's lien on the motor vehicle and permanently enjoined appellants and the City of Austin from proceeding further under the Abandoned Motor Vehicle Act. The court also adjudged the bank's lien "superior in all things to any rights" of appellants, acting under the Texas Abandoned Motor Vehicle Act . . . or the mechanic's lien laws of the State of Texas . . ." Appellants were ordered to surrender possession of the vehicle and the bank was authorized to proceed with sale of the automobile at private sale and file report of sale with the court.

In holding that the bank's prior perfected security interest in the vehicle took priority over the mechanic's lien claimed under Articles 5503 and 5506 the trial court was in error, and the judgment must be reversed. Priority of mechanic's liens is specifically covered by section 9.310 of the Texas Business and Commerce Code. That section provides:

"When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest *unless the lien is statutory and the statute expressly provides otherwise.*" (Emphasis supplied)

In *Gulf Coast State Bank v. Nelms, supra,* the Supreme Court stated, "The intent of § 9.310 is to give a lien arising from work enhancing or preserving the value of property priority over a prior perfected security interest, except in jurisdictions where the mechanic's lien statutes *expressly* declare the lien to be subordinate." (Emphasis by Court) The Court held ". . . that § 9.310 requires that we refer to Articles 5503 and 5506 which are the statutes *creating* the mechanic's and artisan's lien, to determine whether they 'expressly pro-

vide otherwise.'" (Emphasis by Court) The Court concluded, ". . . and we hold that Articles 5503 & 5506 do not 'expressly provide' that an artisan's or mechanic's lien is subordinate to a prior perfected security interest."

We hold that appellants' possessory mechanic's lien is entitled to priority over Texas State Bank's perfected security interest in the motor vehicle.

The judgment of the trial court is reversed. The cause is remanded to the trial court for such further proceedings, administrative or otherwise, as may be appropriate to protect and enforce the possessory mechanic's lien of appellants and its priority over Texas State Bank's security interest.

Reversed and remanded.