348 So.2d 1016 (1977)
THORP COMMERCIAL CORPORATION and Fireman's Fund Insurance Company of Newark, New Jersey
v.
MISSISSIPPI ROAD SUPPLY COMPANY.
No. 49377.
Supreme Court of Mississippi.
August 10, 1977.
Rehearing Denied August 31, 1977.
Daniel, Coker, Horton, Bell & Dukes, Suzanne N. Cook, Thomas H. Suttle, Jr., Jackson, for appellants.
Wise, Carter, Child, Steen & Caraway, Henderson S. Hall, Jr., Jackson, for appellee.
EN BANC.
LEE, Justice, for the Court:
The Circuit Court of the First Judicial District of Hinds County, sitting without a jury, entered judgment on a replevin bond in favor of Mississippi Road Supply [MRS] against Thorp Commercial Corporation [Thorp] and Fireman's Fund Insurance *1017 Company of Newark, New Jersey, surety, in the amount of five thousand one hundred fifty-six dollars thirty-two cents ($5,156.32), and held that the repairman's lien of Mississippi Road Supply held priority over a perfected security interest of Thorp Commercial Corporation. Thorp and its surety appeal here.
The question to be decided is whether or not MRS had a valid repairman's lien on certain equipment and whether or not the trial court erred in entering judgment in its favor.
On June 9, 1972, MRS sold Thorp a new International Model 7D-15(C) Power-Shift Crawler Tractor for the sum of fifty-six thousand eight hundred forty-five dollars ninety-five cents ($56,845.95). Subsequently, on June 13, 1972, Thorp entered into a lease agreement with James E. Herrin of Collins, Covington County, Mississippi, on the equipment. Thorp filed financing statements with the Secretary of State and with the Chancery Clerk of Covington County covering same and perfected its security interest on June 23, 1972. An assignment of that interest was executed to ITT Industrial Credit Company September 24, 1974. In April and May, 1974, at Herrin's request, MRS made repairs on and furnished parts for the tractor. Herrin failed to pay for same, whereupon MRS requested Thorp and ITT to satisfy the claim, which request was refused. MRS then attempted to secure payment of the repairs by having Herrin execute a promissory note and security agreement.
MRS returned possession of the equipment to Herrin about May 21, 1974, after receiving the promissory note and security agreement. Herrin defaulted November 1, 1974, on the Thorp lease contract, the total then due being fifty thousand five hundred ninety-seven dollars twelve cents ($50,597.12). On January 1, 1975, Herrin voluntarily restored possession of the equipment to MRS. Thorp filed its replevin action July 8, 1975. The repairs made by MRS were necessary to maintain the tractor in operational condition and to prevent its depreciation. There was no change in the relationship or situation surrounding Thorp, MRS and Herrin (other than default by Herrin on the lease agreement) between the time MRS released the equipment to Herrin and the time it regained possession of same.
We now address the question of whether or not the repairman's lien of MRS held priority over Thorp's perfected security interest.
Mississippi Code Annotated Section 85-7-101 (1972) provides that a mechanic shall have a lien upon equipment for labor and material and shall have the right to retain possession of same until the bill is paid. After thirty (30) days, the mechanic may commence suit for the amount owed and for sale of the property to satisfy same.
Mississippi Code Annotated Section 85-7-105 (1972) states that in the event the lienholder parts with possession of the property he shall retain his lien while same remains in the hands of the owner, or in the hands of one deriving title or possession through him, with notice that the amount of the repairs is unpaid.
Before adoption of the Mississippi Uniform Commercial Code, Section 85-7-101 and the case law (rule of law) established that mechanics' liens take priority over prior conditional sales contracts or vendors' liens (security interest). Commercial Securities Co. v. Kriner, 53 So.2d 92 (Miss. 1951); Funchess v. Pennington, 205 Miss. 500, 39 So.2d 1 (1949); Billups v. Becker's Welding & Machine Co., 186 Miss. 41, 189 So. 526 (1939); Broom & Son v. Dale & Sons, 109 Miss. 52, 67 So. 659 (1915). In De Van Motor Co. v. Bailey, 177 Miss. 441, 171 So. 342 (1936), it was held that a mechanic's lien was superior to a conditional sales contract with retention of title even though the seller had no knowledge of, nor gave its actual consent for, the repairs made.
Mississippi Code Annotated Section 75-9-310 (1972) (UCC) provides as follows:
"When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute *1018 or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise."
There was no change in the status or rights of the parties between the date MRS delivered possession of the equipment to Herrin and the date it was restored to the possession of MRS, and Thorp could not be, and was not, prejudiced by such restoration. The cases of Manufacturer's Acceptance Corp. v. Gibson, 220 Tenn. 654, 422 S.W.2d 435 (1967) and Krueger v. Texas State Bank, 528 S.W.2d 121 (Tex.Civ.App. 1975) hold that under the said section [UCC § 75-9-310] a repairman's lien has priority over a secured interest where the property is in possession of the mechanic. The cases of Forrest Cate Ford, Inc. v. Fryar, 62 Tenn. App. 572, 465 S.W.2d 882 (1970) and Balzer Machinery Co. v. Klineline Sand & Gravel Co., 271 Or. 596, 533 P.2d 321 (1975), deal with non-possessory liens (equipment out of possession) and are distinguished from the present case. We are in agreement with the rule that ordinarily a new statute will not be considered as reversing long-established principles of law and equity unless the legislative intention to do so clearly appears. Our lien statute [§ 85-7-101] and Section 75-9-310 manifest an intention that the said statutes are to be read and interpreted in pari materia.
MRS, being restored to the possession of the equipment voluntarily and with the co-operation of Herrin, had a lien upon goods in its possession within the meaning of Section 75-9-310, and such lien held priority over the security interest of Thorp. Consequently, the trial court was correct in entering judgment for MRS, and the judgment is affirmed.
AFFIRMED.
INZER and SMITH, P. JJ., and ROBERTSON, J., concur.
PATTERSON, C.J., and SUGG, WALKER and BROOM, JJ., dissent.
BOWLING, J., took no part.
PATTERSON, Chief Justice, dissenting:
The result of the opinion, I fear, is to permit priority of creditors to be determined by the debtor. If he chooses to return property once relinquished by a repairman, the repairman prevails, but if he chooses not to relinquish possession of the property, the secured creditor prevails.
At the least, the majority opinion, in the absence of voluntary relinquishment, invites competition for possession between a secured party and a repairman who has previously relinquished possession of the property.
I dissent because I am convinced the legislature by the adoption of the Uniform Commercial Code intended priorities to be determined in a uniform manner, by statute, and not by the choice of a debtor or by the result of a race between creditors for possession.
At common law retention of possession was essential. As long as the repairman retained the goods, he clearly had priority over all creditors. If he relinquished possession, he lost not only the priority but the lien as well.[1]
Because of this inequity, the legislature, in the absence of a uniform system of priorities or liens, enacted a law which continued the repairman's lien even after loss of possession.[2] While the statute said nothing about priorities, by court decision the statute was interpreted to give priority to the repairman's lien.[3] When these court decisions were made, there existed no uniform statutory scheme for determination of priorities, and priority was determined in part by common law rules and in part on a case by case basis.
*1019 The legislature adopted the Uniform Commercial Code in 1966. When adopted, the legislature was, of course, aware of its previous statutes and the court decisions constituting the former patchwork system of priorities, but chose to replace it with a new standardized system. Mississippi Code Annotated section 75-9-310 (1972) of the new legislation specifically provides that a mechanic's lien takes priority when the repairman has possession of the property. The drafting history and intent of the Code,[4] modern decision,[5] and the statute to which the commercial code refers,[6] all required "retained" possession as opposed to relinquishment and regained possession. Giving effect to the Mississippi Uniform Commercial Code provisions will not leave the repairman without remedy.
(1) He can protect himself completely by retaining possession as provided by statute.
(2) He can protect himself partially by taking a perfected security interest in parts used and giving notice to the prior creditor under Code Sections 75-9-107 and 75-9-314 (which he did in this case).
(3) He can protect himself by calling upon the prior secured party and obtaining his consent before making repairs (provided by statute).
(4) As a minimum, the repairman even upon relinquishment (and without availing himself of other code protections) is entitled to attain the priority of a judgment debtor.
The legislature has expressed an intent to adopt a uniform system. Mississippi Code Annotated section 75-1-102 (1972) of the enactment, in pertinent part, provides:
Purposes; rules of construction; variation by agreement.
(1) This code shall be liberally construed and applied to promote its underlying purposes and policies.
(2) Underlying purposes and policies of this code are
(a) to simplify, clarify and modernize the law governing commercial transactions;
* * * * * *
(c) to make uniform the law among the various jurisdictions.
Because the legislature has stated its intentions and purposes in adopting a uniform system which requires possession be retained or that the creditor take other authorized protective actions, and because the majority opinion has the likelihood, I think, of defeating the legislative intention and making more complex the purposes of the uniform system in creating priorities, I respectfully dissent.
SUGG, WALKER and BROOM, JJ., join in this dissent.
NOTES
[1] 2 Gilmore, Security Interest in Personal Property 873 (1965); Cases collected in 32 A.L.R. 1005, 1008-1010 (1924); see also Broom & Sons v. Dale and Sons, 109 Miss. 52, 60, 67 So. 659 (1915).
[2] Miss. Code Ann. § 85-7-105 (1972) [originally Miss. Code Ann. § 1383 (1890)].
[3] Funchess v. Pennington, 205 Miss. 500, 39 So.2d 1 (1949).
[4] Miss. Code Ann. § 75-1-103 (1972). See also Miller, Liens Created by Operation of Law, 76 Comm.L.J. 221 (1971).
[5] Forest Cate Ford v. Fryar, 62 Tenn. App. 572, 465 S.W.2d 882 (1971).
[6] Miss. Code Ann. § 85-7-101 (1972).