Priority of liens (mechanics' and security instrument liens) is the dominant aspect of this suit appealed from the Circuit Court of the First Judicial District of Hinds County. The constitutionality of Mississippi Code Annotated § 85-7-31 and §85-7-105 (1972) is also challenged. Judgment below was in favor of mechanics' lienholders, appellees: S.L. Robinson and Raymond Jones, d/b/a Novelty Machine Works (Novelty), and Mississippi Road Supply Company (MRS), and against appellants: security instrument lienholder ITT Industrial Credit Company (ITT) and the surety on ITT's replevin bond, Fireman's Insurance Company (Fireman's). We affirm.
Undisputed facts are as follows. On April 21, 1972, Thorp Commercial Corporation purchased from MRS a machine known as a Payloader for a consideration of $54,602.79. That same day Thorp leased the Payloader to Perry Vance and Devard Vance, d/b/a Vance Construction Company (Vance), as evidenced by a lease purchase agreement. The agreement provided that lessee Vance was solely responsible for upkeep and maintenance of the Payloader. Within the next two weeks, Thorp filed financial statements with the Secretary of State and the Chancery Clerk of the Second Judicial District of Hinds County. Subsequently, the financing paper was assigned by Thorp to ITT. Between January 1973 and July 1974, at the request of Vance, MRS repaired the Payloader for which the total charge (labor and parts) was $10,915.42, *Page 50 
which remains entirely unpaid. In November 1973 Novelty made other repairs to the Payloader for which the total charges (labor and parts) amounted to $3,186.74, of which $500 was paid. Stipulation of the parties shows that these repairs were "reasonable and necessary."
Early in January 1975 Vance was in arrears on his payments and informed ITT that he was unable to continue the payments. At ITT's request, Vance returned the Payloader to MRS. On January 6, 1975, ITT advised Vance and MRS of its intention to sell the equipment at private sale. Then on January 13, 1975, Novelty filed suit (affidavit) to enforce its mechanics' lien on the machine and a writ was issued for seizure of the property. MRS and ITT were made parties and asserted their respective mechanics' and security instrument liens. Hearing of the matter was in County Court (Hinds County) in April 1975, but on motion of MRS the cause was transferred to circuit court upon discovery that the amount in controversy exceeded what was considered county court jurisdictional limits. Prior to trial in circuit court, ITT filed its replevin bond with Fireman's as its surety and received possession of the Payloader. By agreement (jury waiver), the matter was tried by the circuit judge who entered a $2,988.09 judgment for Novelty, and a $12,410.53 judgment for MRS against ITT and Fireman's, jointly and severally.
 I.
Constitutionality of Mississippi Code Annotated §§ 85-7-31
(writ of seizure statute) and 85-7-105 (1972) was not properly raised or preserved at the trial (circuit court) level and we do not reach that question here. At the county court level, ITT challenged the constitutionality of the two cited statutes by motion to dismiss. Prior to the taking of testimony of the first witness in county court, the record shows the following:
 BY THE COURT:
 All right. I will now hear argument on the Motion to Dismiss.
 (Argument by counsel follows).
 BY THE COURT:
 The Court is going to overrule the motion. We will proceed.
The plaintiff (in county court) next put on one witness and rested. In county court only one defense witness was heard during the trial prior to lunch break, and after lunch, upon motion of MRS, the cause was transferred to circuit court. Prior to the circuit court trial, no new declaration or answer was filed, although certain amendments were made. A full-blown de novo trial transpired in circuit court, but the record of the trial, including the final judgment, makes no mention or adjudication whatever of the constitutionality of sections 85-7-31 and85-7-105, supra. Under Mississippi Code Annotated § 9-9-21
(Supp. 1976), it is arguable that the county court actually had jurisdiction because the statute as amended in 1974 provides that county court jurisdiction "shall not be affected by any set-off, counterclaim . . ." which exceeds $10,000. No objection to the transfer was raised by ITT and thus there is no issue here concerning the transfer of the cause. Inasmuch as the transferral order specifically provided "for a trial de novo," in order for ITT and Fireman's to base their defense on alleged unconstitutionality of the two statutes and preserve the point for argument on appeal, they should have caused the record to reflect a request for a ruling upon this issue by the circuit judge whose final judgment is here for review. Having failed to do so, ITT and Fireman's waived the proposition on constitutionality of the statutes. Stewart v. City ofPascagoula, 206 So.2d 325 (Miss. 1968).
 II. PRIORITY OF LIENS
Thorp purchased the Payloader from MRS and delivered it to Vance under a lease agreement which Thorp filed with the Secretary of State in Hinds County and with the Chancery Clerk of the Second Judicial District of Hinds County. Then Thorp assigned the financing paper to ITT. No argument is made that the instrument of agreement between Thorp and Vance was not a security instrument within the *Page 51 
purview of our Uniform Commercial Code (U.C.C.) — Mississippi Code Annotated § 75-9-101 (1972), et seq., although the instrument has more aspects of a lease than of a true security interest instrument. A financing statement was signed by Vance in favor of Thorp and filed, and upon this record and briefs before us we treat the lease-purchase agreement as a security instrument and not as a mere lease.
Perfection of a security interest in a case such as this requires filing of the financing statement pursuant to Mississippi Code Annotated § 75-9-302. § 75-9-401(1)(c) states that the proper place for a party situated as Thorp in the instant case to file its financing statement is the office of the secretary of state and the chancery clerk's office of the county in which the debtor's only place of business is located. Here Vance, whose address was listed as Route 4, Box 210, Jackson, Hinds County, Mississippi, actually had his place of business in Rankin County and Vance testified that the Payloader was used exclusively in Rankin County. Thorp's filing of the financing statement with the chancery clerk's office in Hinds County was not in the proper county because Vance having his sole place of business in Rankin County made that county the proper county in which to file.
Mississippi Code Annotated § 75-9-401(2) provides that where a filing is made in good faith in an improper place, it is nonetheless effective against one having knowledge of its contents. § 75-1-201(25) defines knowledge of a fact as actual knowledge and there is no doubt that in this case MRS had actual knowledge of the contents of the financing statement. Witness Green, who testified for MRS, stated that he knew Vance was making payments to Thorp and that Vance was "supposed to be building up equity all the time he was making payments on the machine." Even if MRS were unaware that a financing statement had been filed, these facts clearly show that MRS had knowledge of the contents of the financing statement. Thus, under §75-9-401(2), Thorp's security instrument was perfected as against MRS and that security interest continued to be perfected under Mississippi Code Annotated § 75-9-302(2) (1972) when it was assigned to ITT.
As to Novelty, we must reach a different conclusion because Novelty had no knowledge of the contents of the financing statement. Where the holder (ITT here) of the unperfected security interest seeks to prevail over a lien creditor (Novelty, which held a mechanic's lien), the burden of proof is upon the holder of that unperfected security interest to show that, when the lien creditor (Novelty) became such, he had knowledge of the existence of the security interest. 4 R. Anderson, UniformCommercial Code § 9-301:8 (2d ed. 1971). The record fails to show that ITT met its burden of proof in this aspect of the case and therefore its security interest fails as to Novelty. §75-9-301(1)(b) provides that an unperfected security interest is subordinate to the rights of one who becomes a lien creditor without knowledge of the security interest and before it becomes perfected. It follows that Novelty (lien creditor) as holder of a mechanic's lien prevails over ITT whose security interest was not perfected as against Novelty.
Inasmuch as ITT's security interest has been determined under §75-9-401(2) to be perfected as to MRS, we must consider §75-9-310:
 When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise.
Under the facts here, Vance, after incurring the substantial indebtedness with MRS and Novelty, was unable to make further payments under the lease agreement and defaulted. Perry Vance contacted the ITT leasing office in New Orleans with an offer to relinquish the Payloader to ITT. Acting upon the instructions of that office, Vance *Page 52 
delivered the machine to the original seller, MRS (also mechanic's lienholder), which remained in possession of the Payloader at the time of the commencement of this suit.
We recently held in Thorp Commercial Corp. v. Mississippi RoadSupply Company, 348 So.2d 1016 (Miss. 1977), that where the lessee-purchaser voluntarily restores personal property to the possession of the holder of a mechanic's lien on that property, the lienholder has a lien upon goods in its possession within the meaning of § 75-9-310, and such lien takes priority over a perfected security interest.
Although this writer was among those dissenting in Thorp,supra, the decision in that case is controlling here. Consequently we hold that the lower court was correct in finding the lien of MRS superior to the perfected security interest of ITT.
Other issues raised are without merit, and there being no error shown, the judgment of the lower court is affirmed.
AFFIRMED.
INZER and SMITH, P. JJ., and ROBERTSON and LEE, JJ., concur.
PATTERSON, C.J., and SUGG and WALKER, JJ., dissent.
BOWLING, J., took no part.