I acknowledge that Thorp Commercial Corporation v. MississippiRoad Supply Company, 348 So.2d 1016 (Miss. 1977), lends itself to the interpretation that "where the lessee-purchaser voluntarily restores personal property to the possession of the holder of a mechanics lien on that property, the lienholder has a lien upon goods in its possession within the meaning of Section75-9-310, and such lien takes priority over a perfected security interest."
I remain of the opinion that the legislature never intended priorities of creditors to be determined by a debtor returning possession to a lienholder, a repairman, thus favoring him, or withholding it and establishing priority to a secured creditor, thus favoring him. I think it intended to establish the priorities of creditors by a more uniform and orderly method, to-wit, Section 75-9-310 as stated in the dissent in Thorp,supra.
SUGG and WALKER, JJ., join in this dissent.