BARNES, J.,
specially concurring:
¶ 16. I fully concur with the majority that Brown’s motion for post-conviction relief (PCR) is time-barred. However, I cannot leave unchallenged Judge Roberts’s conclusion in his separate opinion that the amendment to Mississippi Code Annotated section 99-39-5 eliminated the requirement that a person be in custody under the Mississippi sentence that he is challenging, and thus, Brown had standing to bring a motion for post-conviction relief. While the amendment alters the definition of custody to some extent, it does not delete the requirement of custody.
¶ 17. The 2009 amendment to section 99-39-5 was a “technical correction” passed by the Legislature in Senate Bill 2709, which was partially titled, “An Act to Improve the Preservation and Accessibility of Biological Evidence” (hereafter “the Act”). The declared Legislative intent was to preserve “biological evidence” in order to assist law enforcement in “ ‘cold’ case investigations” and “[i]nnocent people *465 mistakenly convicted of the serious crimes for which biological evidence is probative.” 2009 Miss. Law Ch. 339 (S.B.2709).[1] The Mississippi Supreme Court has stated: “It is a general rule in construing statutes that this Court will not only interpret the words used, but will consider the purpose and policy which the legislature had in view of enacting the law. The court will then give effect to the intent of the legislature.” Kelly v. Int’l Games Tech, 874 So.2d 977, 979 (¶ 7) (Miss.2004) (quoting Sec. of State v. Wiesenberg, 633 So.2d 983, 990 (Miss.1994)). Also, the supreme court has held that “ordinarily[,] a new statute will not be considered as reversing long-established principles of law and equity unless the legislative intention to do so clearly appears.” Thorp Commercial Corp. v. Miss. Road Supply Co., 348 So.2d 1016, 1018 (Miss.1977).
In the construction of a statute!,] the object is to get at its spirit and meaning, its design and scope; and that construction will be justified which evidently embraces the meaning and carries out the object of the law, although it is against the letter and the grammatical construction of the act. In determining the proper construction of a statute, the entire legislation on the subject-matter, its policy, reason, as well as the text, must be looked to.
Miss. Ins. Guar. Ass’n v. Gandy, 289 So.2d 677, 680 (Miss.1973) (quoting Ott v. Lowery, 78 Miss. 487, 499-500, 29 So. 520, 521 (1901)).
¶ 18. The previous language of Mississippi Code Annotated section 99-39-5 (Rev.2007) allowed “[a]ny prisoner in custody under sentence of a court of record of the State of Mississippi” to bring a PCR motion, provided one of nine situations existed. (Emphasis added showing language deleted in 2009). As Judge Roberts notes in his separate opinion, this subsection of the statute was revised in 2009 to allow a PCR motion to be filed by:
Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration for the period of the registration or for the first five (5) years of the registration, whichever is the shorter period, may file a motion to vacate, set aside or correct the judgment or sentence, a motion to request forensic DNA testing of biological evidence, or a motion for an out-of-time appeal ....
Miss.Code Ann. § 99-39-5(1) (Supp.2011) (emphasis added showing language added in 2009). The following was added to the list of situations in which a PCR motion could be filed:
(f) That there exists biological evidence secured in relation to the investigation or prosecution attendant to the petitioner’s conviction not tested, or, if previously tested, that can be subjected to additional DNA testing, that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.
Miss.Code Ann. 99-49-5-(l)(f) (Supp.2011). While the amended language broadens the scope of custody to those still suffering the effects of their sentence even after their physical release from prison, in my opin *466 ion, this amended language does not afford any person who has ever been convicted by a court in Mississippi to challenge his completed sentence through PCR merely because the Mississippi sentence enhances his subsequent sentence.
¶ 19. Prior to the amendment, this Court held that a prisoner seeking post-conviction relief from a prior expired conviction used “as a basis for his habitual offender status” was not considered to be in custody under section 99-39-5. Wilson v. State, 990 So.2d 828, 830 (¶ 6) (Miss.Ct.App.2008). Also, in Parker v. State, 47 So.3d 732, 734 (¶¶ 11-12) (Miss.Ct.App.2010), this Court, in discussing the prior version of the statute, stated:
It is undisputed that Parker was incarcerated in a federal correctional facility- and not under custody of a sentence of a court of record of the State of Mississippi-when he filed his 2008 PCR motion. Therefore, this court, like the circuit court, lacks jurisdiction to consider his request for post-conviction relief.
[W]e decline Parker’s invitation to expand the reach of the pre-March 16, 2009, version of section 99-39-5(1) to all petitioners whose sentences are based on prior Mississippi convictions. Restraint dictates that we follow our established precedent and the Legislature’s explicit mandate that to seek post-conviction relief petitioners must be “in custody under sentence of a court of record of the State of Mississippi,” which Parker was not.
(Emphasis added).
¶ 20. Even more recently, this Court held that a person must still be considered in custody of his Mississippi sentence, even after the enactment of the 2009 amendment. In Wilson v. State, 76 So.3d 733 (Miss.Ct.App.2011), this Court reviewed a petitioner’s challenge to a previous conviction that enhanced his sentence as a habitual offender. Noting the 2009 amendment to section 99-39-5, we concluded that “even under the expanded standing requirements, Wilson lacked standing. When Wilson filed his motion in 2009 challenging his 1994 conviction, he was no longer incarcerated for that conviction, nor was he on parole or probation for that conviction.” Id. at 736, n. 3 (¶ 11) (emphasis added). In Brown v. State, 71 So.3d 1267, 1269 (¶ 7) (Miss.Ct.App.2011), we discussed this issue of standing in regard to the same prisoner and clearly found that Brown was not considered to be in custody under the revised language of section 99-39-5. While that case dealt with different convictions than the ones in the present case, I find no distinction relating to the “in custody” issue. See also Reed v. State, 70 So.3d 1174, 1176 (¶ 5) (Miss.Ct.App.2011) (since the petitioner “was not incarcerated or on parole or probation[,] .... [he] was not entitled to maintain a motion for post-conviction relief.”).
¶ 21. While no longer explicitly stated, I find the amended language of section 99-39-5 indicates that the petitioner must be currently “in custody” for the sentence he is challenging. In interpreting a statute, we must look at the context of the wording in order to determine the Legislature’s intent. Claypool v. Mladineo, 724 So.2d 373, 382 (¶ 32) (Miss.1998) (citation omitted).
¶ 22. Custody is the primary factor in determining how long the State must preserve biological evidence under the Act. In the “Definitions” section of the Act, “custody” is defined as “persons currently incarcerated; civilly committed; on parole or probation; or subject to sex offender registration for the period of the registration or for the first five (5) years of the registration, whichever is the shorter period.” See Miss.Code Ann. § 99^49 — 1 (2)(c) (Supp. 2011). This is precisely the same termi *467 nology included in section 99-39-5 to replace the term “custody.” The Legislature merely deleted the term “custody” from section 99-39-5 and replaced it with the definition of “custody” from the Act. Thus, the revision is a “technical correction” to the PCR process to make it correspond to the other provisions of the Act.
¶ 23. Under the Act, biological evidence must be preserved only as long as the person or co-defendants “remain in custody.” The term “remain” is defined as “continuing] in the same state or condition.” The American Heritage Dictionary 1525 (3rd ed. 1992). When the person no longer “remains in custody,” the State may destroy the biological evidence related to the conviction.[2] See Miss.Code 99^49-l(3)(a)(ii),(e),(f)(ii)(l),(g). As the biological evidence — the preservation of which is the primary purpose of the Act — can be destroyed upon a person’s release from custody (as defined by the Act), it does not make sense that the technical correction to the PCR process would extend standing beyond that same point in time.[3] Accordingly, I cannot envision that the Legislature intended to amend section 99-39-5 to provide any person sentenced by a Mississippi court, and who is now free from any constraints of that sentence, standing to challenge the completed sentence.
¶ 24. Although Brown argues that the Mississippi convictions enhanced his federal sentence and that he is still suffering the effect of the Mississippi sentences, this is not sufficient to give him standing for post-conviction relief. In Maleng v. Cook, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the United States Supreme Court addressed the issue of whether a federal sentence may be challenged by attacking a prior conviction that had expired. It held that once a petitioner’s sentence has “fully expired,” the mere fact that the prior conviction may be used to enhance a subsequent sentence does not render him still “in custody” for that conviction. The Supreme Court later expanded its holding in Daniels v. United States, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) and Lackawanna County District Attorney v. Coss, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). In Daniels, it stated:
If ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then the defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under [28 United States Code section] 2255.
Daniels, 532 U.S. at 382, 121 S.Ct. 1578. This holding in Daniels is grounded “on considerations relating to the need for finality of convictions and ease of adminis *468 tration.” Coss, 532 U.S. at 402, 121 S.Ct. 1567.
¶ 25. While these Supreme Court eases concern federal law, I find them instructive as to the policy underlying our prior jurisprudence. I believe that if the Legislature had intended to make such an extensive change to Mississippi law — to allow a person to file a PCR motion on a conviction for which he is not currently in custody but that is being used to enhance a subsequent sentence — it would have used clear language to do so. See Thorp, 348 So.2d at 1018. Nothing in the 2009 Act indicates that allowing relief for an enhanced sentence was ever the intent of the Legislature. Therefore, I do not find Judge Roberts’s position on Brown’s standing complies with the spirit or meaning of the amendment.
ISHEE, J„ JOINS THIS OPINION.

. Section 1 of the Act is now codified in Mississippi Code Annotated section 99-49-1 (Supp.2011).

. The State may destroy biological evidence prior to a person’s release from custody, provided he is given notice. 2009 Miss. Laws Ch. 339 § 3(f) (S.B.2709) (codified in Miss. Code Ann. § 99 — 49—1 (3)(f)). However, ”[i]f, after providing notice under paragraph (f)(ii) of this subsection of its intent to destroy evidence, the state receives a written request for retention of the evidence, the state shall retain the evidence while the person remains in custody.” Id. at § 3(g) (emphasis added).

. Mississippi Code Annotated section 99-39-9 (Supp.2011) also states that a motion by a petitioner must be limited to one judgment, and "[i]f a petitioner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions.” (Emphasis added).