973 So.2d 288 (2008)
S.L. ROBINSON and Jo Dell Robinson, Appellants
v.
LINCOLN COUNTY BOARD OF SUPERVISORS, Appellee.
No. 2006-CA-01261-COA.
Court of Appeals of Mississippi.
January 15, 2008.
*289 W. Stewart Robison, McComb, Jose B. Simo, attorneys for appellants.
Robert O. Allen, Brookhaven, attorney for appellee.
EN BANC.
MYERS, J., for the Court.
¶ 1. The Lincoln County Board of Supervisors dedicated Greenwich Lane, located in northwest Brookhaven, Mississippi, as a public road through the method of pre scription. The decision was appealed by S.L. Robinson and Jo Dell Robinson (S.L. Robinson); however, his appeal was denied and Greenwich Lane remained listed in the Lincoln County Road System Register and Official Map of Lincoln County Roads. Subsequently, the Lincoln County Circuit Court affirmed the decision of the Board of Supervisors. Robinson appeals, arguing that there was no evidence presented at the hearing on the matter establishing that Greenwich Lane was used by the public in general for a period of ten years, so as to satisfy the requisite factors of prescription. Finding no error, we affirm.

UNDERLYING FACTS AND PROCEDURAL HISTORY
¶ 2. Brothers S.L. Robinson and Robert Earl Robinson own real properties located in northwest Brookhaven in Lincoln County, Mississippi. Greenwich Lane, the road in dispute, runs alongside the Robinsons' properties, and just inside the eastern boundary of Robert Robinson's property. The road services both S.L.'s and Robert's family homes and properties and provides ingress and egress to Robert's vegetable farm.
¶ 3. Greenwich Lane was originally constructed at the direction of the Board of Supervisors in 1967. Later, in 1984, Greenwich Lane was paved under the direction of the Board of Supervisors. Public funds were used to finance the construction and later paving of the road.
¶ 4, In 2003, Greenwich Lane was added to the Lincoln County Road System Register and Official Map of Lincoln County Roads by the county's Board of Supervisors. Thereafter, S.L. Robinson petitioned the Board of Supervisors to delete Greenwich Lane from the register and official map, or, alternatively, to abandon Greenwich Lane as a public road. The Board of Supervisors conducted a public hearing following the filing of the petition, and testimony was taken from several witnesses, including adjacent landowners, S.L. Robinson and Robert Robinson. Several exhibits were also introduced at the hearing. At the close of the hearing, the Board of Supervisors denied S.L. Robinson's petition, and resolved that Greenwich Lane had been maintained by the county and used by the public for the requisite period of time to become a public road by prescription.
¶ 5. S.L. Robinson filed a bill of exceptions with the circuit court; however, the circuit court affirmed the decision of the Board of Supervisors. The circuit court found that Greenwich Lane was used by the general public for more than ten years, thereby satisfying the requisite factors of prescription. Aggrieved, S.L. Robinson has perfected this appeal.

STANDARD OF REVIEW
¶ 6. An appellate court is not to disturb a resolution of a Board of Supervisors unless such order was "unsupported by substantial evidence; was arbitrary or *290 capricious; was beyond the agency's scope or powers; or violated the constitutional or statutory rights of the aggrieved party." Ladner v. Harrison County Bd. of Supervisors, 793 So.2d 637, 638(¶ 6) (Miss.2001) (quoting Board of Law Enforcement Officers Stds. & Training v. Butler, 672 So.2d 1196, 1199 (Miss.1996)); Barnes v. Board of Supervisors, 553 So.2d 508, 511 (Miss. 1989).

DISCUSSION
¶ 7. S.L. Robinson argues that the Board of Supervisors, and subsequently, the circuit court, erred in finding that Greenwich. Lane was a public road by prescription. In order to acquire a road by prescription, it must be established that the use of the road has been (1) open, notorious and visible, (2) hostile, (3) under claim of ownership, (4) exclusive, (5) peaceful, and (6) continuous and uninterrupted for a period of ten years. Turner v. Duke, 736 So.2d 495, 498(¶ 10) (Miss.Ct.App. 1999). Additionally, "the road must be habitually used by the public in general for a period of ten years; and such use must be accompanied by evidence, other than mere travel thereon, of a claim by the public of the right so to do." M (quoting Myers v. Blair, 611 So.2d 969, 971 (Miss. 1992) (adopting additional requirement to establish a public road by prescription); Burdsal v. Marshall County, 937 So.2d 45, 49(¶ 11) (Miss.Ct.App.2006)).
¶ 8. Specifically, S.L. argues that insufficient evidence was presented to the Board of Supervisors regarding the use of the road by the "public in general." Thus, S.L. asserts that because the additional element of the public's general use remained unproven, the Board should not have found prescription of Greenwich Lane. Rather, S.L. asserts that Greenwich Lane is a private driveway and seeks to have the road re-established as such.
¶ 9. At the hearing on the matter, testimony was taken from several witnesses, including Robert Robinson, S.L. Robinson and Former Lincoln County Supervisor Roland Ross. Testimony from both S.L. and Robert established that Greenwich Lane had, in the past, been used by the school bus continuously. Robert provided at the hearing that Greenwich Lane has been maintained by the county since its inception and paving. Specifically, Robert testified that the county maintained Greenwich Lane, bearing the responsibility of repairing potholes and grading the road with county equipment. Furthermore, perhaps the most convincing testimony in favor of upholding the finding of prescription was presented at the hearing by Robert Robinson and Roland Ross. Ross and Robert Robinson provided that members of the general public continually accessed Robert Robinson's vegetable farm through Greenwich Lane. Testimony provided that the public's use of the lane is especially busy during the summer months, when Robert's vegetable farm customers ingress and egress to the farm via Greenwich Lane every day.
¶ 10. From the testimony before the Board of Supervisors concerning the public's use of Greenwich Lane, we cannot say that the circuit court erred in upholding the Board's decision finding that the road had become public by prescription. Adequate proof was presented regarding the public's general use of Greenwich Lane. We therefore affirm the decision of the Circuit Court of Lincoln County finding that Greenwich Lane is a public road.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*291 KING, C.J., LEE, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.