KING, C.J.,
 

 for the Court.
 

 ¶ 1. James and Karlotta Pruitt appealed the City of Laurel’s city council’s denial of the Pruitts’ petition to rezone property and the denial of the Pruitts’ request for a variance. The Circuit Court of Jones County dismissed both actions with prejudice. The Pruitts appeal the dismissals, and the two actions have been consolidated on appeal. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 I. Petition to Rezone
 

 ¶ 2. The Pruitts filed a petition to rezone property that they owned from industrial and residential to commercial in hopes of locating a food trailer on the property, locating a restaurant in the building at 1300 Susie B. Ruffin Drive, and using one parcel as a parking lot. A public hearing was held before the zoning board. Numerous residents opposed the Pruitts’ petition to rezone, arguing that the Pruitts’ business plans would have a negative effect on the neighborhood. In a unanimous decision, the zoning board denied the Pruitts’ petition to rezone. The Pruitts appealed this decision to the city council and requested that the city council grant them an appeal hearing on the issue. On April 17, 2007, the city council met, reviewed the zoning board’s denial of the Pruitts’ petition to rezone, and, in a five-to-two-vote, denied the Pruitts’ request for a hearing before the city council.
 

 ¶ 3. On May 3, 2007, the Pruitts filed an appeal in the circuit court. The zoning board and the city council filed a motion to dismiss the Pruitts’ appeal, alleging that the Pruitts failed to perfect their appeal. In response, the Pruitts filed a motion to strike the motion to dismiss and alleged that the city council’s president was responsible for filing the bill of exceptions. The circuit court dismissed the appeal stating, “[the Pruitts] have failed to meet the requirements of section 11-51-75 ... of the Mississippi Code,” which states that an appeal must be filed within ten days and the aggrieved party must file a bill of exceptions. Aggrieved, the Pruitts filed this appeal on August 30, 2007.
 

 II. Request for a Variance
 

 ¶ 4. During the same time, the Pruitts also filed a request for a variance to Local Ordinance No. 1372-2000 section 3-31(b)(2), which states that no privilege license shall be granted for the sale and/or consumption of beer and/or light wine when the structural premises is located within four hundred feet of a church or a school. A public hearing was held before the zoning board. During the hearing, the Pruitts explained that they owned a food business located at 1503 Susie B. Ruffin Drive, and they wanted to sale beer at the
 
 *467
 
 facility. The Pruitts claimed that the Mississippi Tax Commission issued them a beer permit and privilege license; after which, they applied for a license to sell packaged beer in the City of Laurel. The City of Laurel denied the Pruitts’ application because the food business was located less than four hundred feet away from a daycare center.
 

 ¶ 5. The Pruitts argued that: (1) their business was more than four hundred feet away from the daycare center, and (2) a daycare center is not a school; therefore, the daycare center should not have been used as a point to ascertain the distance requirement. The daycare center was located on lot number nine, but the daycare owner also owned lots ten and eleven and planned to expand the daycare center to these lots in the future. A city inspector measured the distance from the daycare center to the Pruitts’ business. The inspector wrote a letter to Susan Norman, the zoning board secretary, stating that the Pruitts’ property was 402 feet away from the daycare center when measured from lot nine, but the Pruitts’ property was only 320 feet away when measured from lot eleven. The inspector stated that the points of the property lines were mere speculation, and he denied any statement insinuating that he supported or validated the Pruitts’ position of compliance. In addition to the inspector’s statement, numerous residents attended the hearing and opposed the Pruitts’ request for a variance. In a unanimous decision, the zoning board denied the Pruitts’ request for a variance based on the proximity of the Pruitts’ facility to the daycare center and community opposition. On July 3, 2007, the Pruitts appealed the denial of their request for a variance to the city council. The city council unanimously affirmed the zoning board’s decision.
 

 ¶ 6. The Pruitts appealed to the circuit court on July 11, 2007. On July 19, 2007, the zoning board and the city council filed a motion to dismiss the action, stating that the Pruitts failed to comply with Mississippi Code Annotated section 11-51-75. The very next day, minutes from the zoning board and city council meetings were filed, but the record is unclear who filed the meetings’ minutes. Soon after, the Pruitts filed a “motion to vacate the motion to dismiss.” In this motion, the Pruitts alleged that they requested a bill of exceptions from the city council, but the city council’s secretary informed the Pruitts that she was unaware of that requirement. The Pruitts then filed a motion to compel the city council to provide a bill of exceptions. A motions’ hearing was held on July 30, 2007, and the circuit court judge informed the Pruitts that he was affirming the city council’s decision because the city council did not act arbitrarily or capriciously. The circuit court granted the motion to dismiss the Pruitts’ appeal, simply stating that the Pruitts failed to comply with section 11-51-75. The Pruitts filed this appeal on August 30, 2007.
 

 ¶ 7. The two cases were consolidated on appeal. The Pruitts raise twelve assignments of error for this Court to consider. However, for the sake of efficiency, the Pruitts’ concerns are best summarized by the following two assignments of error:
 

 I. Whether the circuit court erred by dismissing the Pruitts’ appeal of the denial of their petition to rezone, and
 

 II. "Whether the circuit court erred by dismissing the Pruitts’ appeal of the denial of their request for a variance.
 

 ANALYSIS
 

 ¶ 8. When reviewing a zoning decision, this Court applies the same standard of review that the circuit court is bound to follow: whether the decision was arbitrary
 
 *468
 
 or capricious and whether the decision was supported by substantial evidence.
 
 Adams v. Mayor & Bd. of Aldermen of the City of Natchez,
 
 964 So.2d 629, 633(¶9) (Miss.Ct.App.2007) (citing
 
 Broadacres, Inc. v. Hattiesburg,
 
 489 So.2d 501, 503 (Miss. 1986)). The threshold issue in both of these matters is whether the Pruitts timely and properly filed their appeal in the circuit court.
 

 I. Whether the circuit court erred by dismissing the Pruitts’ appeal of the denial of their petition to rezone.
 

 ¶ 9. The zoning board and the city council argue that the Pruitts’ appeal was properly dismissed because the Pruitts failed to appeal within ten days of the city council meeting in which their petition to rezone was denied, and the Pruitts failed to file a bill of exceptions. Conversely, the Pruitts maintain that they had thirty days in which to appeal the city council’s denial of their petition to rezone.
 

 ¶ 10. Mississippi Code Annotated section 11-51-75 (Rev.2002) states the requirements for appeals to circuit court from municipal authorities as follows:
 

 Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities. The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment.
 

 As stated in section 11-51-75, an appeal from an adverse decision of the city council must be filed within ten days. “The statute’s ten (10) day time limit in which to appeal ... is both mandatory and jurisdictional.”
 
 Bowen v. DeSoto County Bd. of Supervisors,
 
 852 So.2d 21, 23(¶3) (Miss. 2003) (citing
 
 Moore v. Sanders,
 
 569 So.2d 1148, 1150 (Miss.1990)). If the appeal is not filed within ten days, the action should be dismissed as untimely.
 
 Id.
 

 ¶ 11. The record indicates that the city council denied the Pruitts’ petition to rezone on April 17, 2007. The Pruitts did not appeal to the circuit court until May 3, 2007, clearly more than ten days after the city council’s decision. The Pruitts improperly rely on Uniform Rule of Circuit and County Court 5.04 in support of their argument that they had thirty days in which to file their appeal. Rule 5.04 provides, in pertinent part, that: “[t]he party desiring to appeal a decision from a lower court” must do so “within thirty (30) days of the entry of the order or judgment being appealed.” (Emphasis added). Rule 5.04 specifically addresses the time in which to appeal from a lower court, and neither the zoning board nor the city council is a court. Rather, the statute of limitations for appeals from decisions of these entities is properly addressed by Mississippi Code Annotated section 11-51-75.
 

 ¶ 12. As mandated under section 11-51-75, the Pruitts had only ten days in which to file their appeal, and they failed to do so. Therefore, we find that the circuit court did not err by dismissing the Pruitts’ appeal of the city council’s denial of their petition to rezone.
 

 II. Whether the circuit court erred by dismissing the Pruitts’ appeal of the denial of their request for a variance.
 

 
 *469
 
 ¶ 13. The zoning board and the city council argue that the circuit court properly dismissed the Pruitts’ appeal of the denial of their request for a variance because the Pruitts failed to file a bill of exceptions. The Pruitts maintain that it was not their responsibility to file the bill of exceptions, contending that it was the city council’s responsibility. Additionally, the Pruitts present a rather illogical argument disputing whether a daycare center is a school as defined by Mississippi law.
 

 ¶ 14. When appealing to the circuit court from the decision of a municipal authority, the aggrieved party is responsible for preparing a bill of exceptions, which must be signed by the president of the city council.
 
 See Ladner v. Harrison County Bd. of Supervisors,
 
 793 So.2d 637, 638-39(117) (Miss.2001) (citing Miss.Code Ann. § 11-51-75 (Rev.1972)). The bill of exceptions serves as the record on appeal and embodies the facts, judgment, and decision involved in the proceedings below.
 
 Id.
 
 In its appellate capacity, the circuit court must limit its review of the evidence to the bill of exceptions.
 
 Id.
 
 (citations omitted). “If the bill of exceptions is not complete and is fatally defective in that pertinent and important facts and documents are omitted therefrom, then the [circuit] court does not have a record upon which it can intelligently act.”
 
 Hollywood Cemetery Ass’n v. Bd. of Mayor & Selectmen of the City of McComb,
 
 760 So.2d 715, 719 (¶ 16) (Miss.2000) (citations omitted).
 

 ¶ 15. Contrary to the Pruitts’ beliefs, the city council was not responsible for preparing the bill of exceptions. As the aggrieved party, it was the Pruitts’ duty to prepare the bill of exceptions. By not assuming their duty to file the bill of exceptions, the Pruitts failed to perfect them appeal. The Pruitts attached several documents to their appeal to the circuit court as exhibits: some local rules, sections of the Mississippi Code, and the letter from the inspector. But even assuming that the Pruitts also filed the zoning board’s and the city council’s minutes, these documents do not constitute a bill of exceptions.
 

 ¶ 16. In this case, a copy of the city council’s minutes by itself could not possibly provide all of the facts necessary to establish the Pruitts’ claim of error. Unfortunately, the Pruitts did not provide the circuit court with sufficient evidence to verify their allegations, and the Pruitts failed to comply with section 11-51-75 by not embodying the facts and the proceedings below in a bill of exceptions signed by the president of the city council.
 

 ¶ 17. Even if the Pruitts had filed a bill of exceptions, we would still affirm the decision of the circuit court. “An appellate court sitting in review of findings of fact affords deference to an administrative decision in which the decision to grant or deny a variance is at issue, and if the decision can be viewed as ‘fairly debatable,’ it will not be disturbed on appeal.”
 
 Beasley v. Neelly,
 
 911 So.2d 603, 608 (¶ 12) (Miss.Ct.App.2005) (quoting
 
 Biloxi v. Hilbert,
 
 597 So.2d 1276, 1280 (Miss. 1992) (stating that “[t]he zoning decision of a local governing body which appears to be ‘fairly debatable’ will not be disturbed on appeal, and will be set aside only if it clearly appears the decision [was] arbitrary, capricious, discriminatory, illegal, or [was] not supported by substantial evidence.”)). In the hearing held on July 30, 2007, the circuit court judge said that he had reviewed the case and found that the city council did not act arbitrarily or capriciously. Based on a review of the record, we agree. The zoning board denied the Pruitts’ request for a variance based on the proximity of the Pruitts’ facility to the daycare center and community opposition. After its review, the city council upheld the
 
 *470
 
 zoning board’s decision. We find that the decisions reached by the zoning board and the city council are fairly debatable and neither arbitrary nor capricious. Thus, we find that the circuit court did not err by dismissing the Pruitts’ appeal of the denial of their request for a variance.
 

 CONCLUSION
 

 ¶ 18. We find that the Pruitts’ appeal of the city council’s denial of their petition to rezone was time-barred. We also find that the Pruitts’ appeal of the city council’s denial of their request for a variance was proeedurally barred because the Pruitts failed to file a bill of exceptions. Thus, we affirm the circuit court’s dismissal of the Pruitts’ claims based on these grounds.
 

 ¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.