ISHEE, J.,
 

 for the Court:
 

 ¶ 1. The City of Biloxi (the City) voted to vacate an unimproved easement in the Edgewater Cove Subdivision (Edgewater Cove) in Biloxi, Mississippi. Akbar Brins-made, a resident of an adjoining subdivision, filed suit against the City with a bill of exceptions in the Harrison County Circuit Court. He claimed that vacating the easement was against public safety, and the City did not follow pertinent statutes and local ordinances required to vacate the easement properly.
 

 ¶ 2. The circuit court affirmed the City’s decision to vacate the easement, and Brinsmade now appeals. We have consolidated Brinsmade’s arguments for clarity as follows: (1) the circuit court erred by affirming the City’s decision to vacate the easement in violation of applicable statutes; (2) the circuit court and the City failed to consider public-safety concerns; (3) the circuit court failed to take judicial notice of a declaratory judgment made in the chancery court; and (4) the circuit court failed to take judicial notice of a municipal ordinance. Finding no error, we affirm.
 

 STATEMENT OF FACTS
 

 ¶ 3. This case involves a dispute over a public easement in a private neighborhood in Biloxi, Mississippi. The easement was originally created to provide a former landowner, Leonard Collins, with an exit to gain emergency access to and from his home. Collins eventually sold his property to the Edgewater Cove developers.
 

 ¶ 4. Edgewater Cove, a subdivision near the Big Lake in Biloxi, was platted in 1978 by its developer and approved by the City. The subdivision is basically one long street, Cove Drive, running north to south with a single entrance and exit on the western side, in the middle of the subdivision, which leads to Runnymeade Drive (formerly East DeBuys Road). Cove Drive is the only street in the neighborhood and has no cross streets. The north
 
 *1162
 
 ern and southern portions of Cove Drive end in culs-de-sac.
 

 ¶ 5. The easement runs approximately one hundred and twenty-three feet (123’) in overall length, and fifty feet (50’) in overall width, and rests between lots 8 and 9 in the subdivision, on the northwestern side of Cove Drive. The easement has never been developed, paved, or improved; and no utilities have been installed on the land.
 

 ¶ 6. Brinsmade lives in Channel Mark, an adjoining subdivision. Channel Mark lies to the west of Edgewater Cove, and it also has a single entrance on the southern end of the subdivision, which leads to Run-nymeade Drive. Channel Mark Drive is the main thoroughfare in Channel Mark, and like Cove Drive in Edgewater Cove, the road ends in a cul-de-sac on its northern end. There are two streets that branch off Channel Mark Drive into their own culs-de-sac, but the only way in and out of the subdivision is through the entrance to Channel Mark Drive, from Run-nymeade Road. Brinsmade lives on lot 9 in Channel Mark, which is on the northeastern side of the subdivision.
 

 ¶ 7. At the boundary between the Edge-water Cove and Channel Mark subdivisions, a public easement in Edgewater Cove abuts a paved roadway in Channel Mark. The driveways of lots 7 and 8 in Channel Mark enter this roadway. The roadway that runs into the boundary of Edgewater Cove is Channel Way. Only lots 7 and 8 of Channel Mark border Channel Way. Channel Way meets Channel Mark Drive, but does not cross it, making Channel Way only the length of one lot. If paved, the easement in Edgewater Cove would connect the two subdivisions. Brinsmade’s property does not touch the easement or Channel Way; it lies one lot north of any adjoining property to the easement.
 

 ¶ 8. On June 20, 2008, the City of Biloxi Planning Commission (the Commission) filed a request to vacate the public easement in Edgewater Cove. After a public hearing on July 17, 2008, the Commission voted to recommend approval of the vacation of the easement, finding that the unimproved easement was not necessary to provide for the needs of the City at that time or in the foreseeable future. During the hearing, several homeowners from both Edgewater Cove and Channel Mark spoke in favor of vacating the easement. Brinsmade was the only resident of either subdivision to contest the proposal.
 

 ¶ 9. Brinsmade then filed for a declaratory judgment in the Harrison County Chancery Court on September 14, 2008, against the City, Michael Rewis, Virginia Rewis, and Luis
 
 &
 
 Bernice Magee Enterprises, LP. The record does not include the original complaint or any answers or counterclaims made by the defendants. However, the declaratory judgment made by the chancery court on September 16, 2008, is provided in the record. In its order, the chancery court noted that the easement was platted for public use and could not be used otherwise until the plat was vacated in the manner provided by law. The chancery court further stated that the “Access Road Easements” shown on Lots 8 and 9 of the plat were subject to section 17-1-23(3) of the Mississippi Code Annotated (Rev.2003), and they could not be vacated until the requirements from the statute had been satisfied.
 

 ¶ 10. The Biloxi City Council (the City Council) adopted the Commission’s report on October 7, 2008. The adoption resulted in the execution of a quitclaim deed of equal halves of the easement to each of the adjoining property owners on Lots 8 and 9 of Edgewater Cove. Brinsmade again objected to vacating the easement, stating that the City was abandoning its responsi
 
 *1163
 
 bilities to maintain the easement, and claiming that the easement would prevent an evacuation in the event of severe weather.
 

 PROCEDURAL HISTORY
 

 ¶ 11. Once the City passed the resolution to vacate the easement, Brinsmade filed a notice of appeal and intent to file a bill of exceptions in the Harrison County Circuit Court. He argued that the language in Mississippi Code Annotated section 17-1-23(4) (Rev.2003) applied to him as an “interested person and one directly affected” by the City’s action. He further asserted that because he did not agree in writing to vacating the easement, the City’s decision was arbitrary and capricious. He then filed a bill of exceptions on November 10, 2008, against the City, making the same argument.
 

 ¶ 12. Brinsmade’s brief to the circuit court listed three additional claims that were not included in the bill of exceptions, but which also challenged the City’s decision. He argued that the City should have followed Mississippi Code Annotated section 19-27-31 (Rev.2003), which mandated that the names of persons “adversely affected” by the vacation of the easement be notified of the vacation request. He also claimed that the City failed to consider his public-safety argument and that the City had violated its own rules and regulations because vacating the easement created streets that were longer in length than permitted.
 

 ¶ 13. After both parties fully briefed the matter, the circuit court dismissed the appeal and affirmed the City’s decision. Brinsmade now appeals the circuit court’s judgment.
 

 STANDARD OF REVIEW
 

 ¶ 14. We will not disturb a decision of a governing board of authorities unless it is “unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency’s scope or powers; or violated the constitutional or statutory rights of the aggrieved party.”
 
 Robinson v. Lincoln County Bd. of Supervisors,
 
 973 So.2d 288, 289-90 (¶ 6) (Miss.Ct.App.2008). “The party challenging the governing body bears the burden of proof showing that the decision rendered is arbitrary, capricious, discriminatory, or beyond the legal authority of the city board, or unsupported by substantial evidence.”
 
 Mayor & Bd. of Aldermen v. Hudson, 774
 
 So.2d 448, 451 (¶ 6) (Miss.Ct.App.2000) (citations omitted).
 

 DISCUSSION
 

 I. Statutory Requirement for Vacating a Municipal Easement
 

 ¶ 15. As his first assignment of error, Brinsmade argues that: section 17-1-23(4) of the Mississippi Code Annotated (Supp.2010) prohibits the City’s vacation of the public easement without his written approval, and the circuit court erred by ruling that he was not an “interested person directly affected by the decision,” as referenced by the statute. Mississippi Code Annotated section 17-1-23(4) provides in pertinent part:
 

 If the owner of any land which shall have been laid off, mapped or platted as a city, town or village, or addition thereto, or subdivision thereof, or other platted area, whether inside or outside a municipality, desires to alter or vacate such map or plat, or any part thereof, he may petition the board of supervisors of the county or the governing authorities of the municipality for relief in the premises, setting forth the particular circumstances of the case and giving an accurate description of the property, the map or plat of which is to be vacated or
 
 *1164
 
 altered and the names of the persons to be adversely affected thereby or directly interested therein. However, before taking such action, the parties named shall be made aware of the action and must agree in writing to the vacation or alteration. Failure to gain approval from the parties named shall prohibit the board of supervisors or governing authorities from altering or vacating the map or plat, or any part thereof.
 

 (Emphasis added).
 

 ¶ 16. Brinsmade is incorrect in his assertion that section 17-1-28(4) controls here. First, the subsection specifically refers to a landowner who wishes to vacate or alter a plat in a subdivision. Miss.Code Ann. § 17-1-23(4). The statute does not apply to a municipality’s authority to vacate public easements. Further, Brins-made is neither an owner of the property in question nor does his lot border the easement. The easement is in a neighboring subdivision.
 

 ¶ 17. The applicable statute regarding municipally owned easements is Mississippi Code Annotated section 21-17-1(2)(a) (Rev.2007), which states, in part, that if “any of the real property belonging to a municipality shall cease to be used for municipal purposes, the governing authority of the municipality may sell, convey[,] or lease the same on such terms as the municipal authority may elect.” In addition, Mississippi Code Annotated section 21-37-7 (Rev.2007) gives a municipality the power to close and vacate any street or alley, provided due compensation is made to the abutting landowners for any sustained damages. Neither of these statutes require written approval by persons directly affected by the vacation or by adjoining landowners.
 

 ¶ 18. Although section 17-1-23(4) does not apply to the case at hand, we will nonetheless briefly discuss Brins-made’s argument that he is adversely affected and has a direct interest in the vacation of the easement because his property lies in close proximity to the easement. In Mississippi:
 

 The general rule is that one whose property does not abut on the closed section of a street has no right to compensation for the closing or vacation of the street, i[f] he still has reasonable access to the general system of streets. The circumstances in some cases may be such as to give a right to damages to a property owner, even though his property does not abut on the closed section. But to warrant recovery in any such case the property owner must show that the situation is such that he has sustained special damages differing in kind, and not merely in degree, from those sustained by the public generally.
 

 Puyper v. Pure Oil Co.,
 
 215 Miss. 121, 134-35, 60 So.2d 569, 573 (1952). Thus, in order for Brinsmade to have a right to contest the vacation of the easement, he must either be an abutting landowner, or “have a special easement in the use of the street in connection with his property for access purposes.”
 
 City of Jackson v. Welch,
 
 136 Miss. 223, 101 So. 361, 362 (1924). That is, Brinsmade “must be specially damaged in connection with an outlet and inlet to his property, otherwise he has no more interest in the street than that enjoyed by the general public for travel, and cannot prevent its closing by the owners or the public authorities.”
 
 Id.
 

 ¶ 19. As stated above, Brinsmade’s property does not abut the easement in question. In fact, the easement is not located in Brinsmade’s subdivision; it is situated in a neighboring subdivision, adjacent to Brinsmade’s subdivision. The easement has never been improved upon, nor has it been used for any type of ingress or egress by anyone in either of the
 
 *1165
 
 subdivisions. Brinsmade has reasonable access his property using a thoroughfare in his own subdivision, in the same manner as he did when he purchased the property years ago. Therefore, the closing of the street does not deprive Brinsmade of reasonable and adequate access to his property, and as such, he is unable to show that he is specially damaged by the vacating of the easement. This issue lacks merit.
 

 II. Vacation of the Easement and Public Safety
 

 ¶20. Brinsmade’s next argument is that the vacatur of the easement is detrimental to public safety in the event of an evacuation, and the circuit court and the City failed to consider these public safety issues in their decisions. Brins-made cites no authorities to support his argument that the City or the circuit court was required to state specifically that public safety was considered in their decisions. We are under no duty to consider arguments that are unsupported by cited authority.
 
 Alexander v. Womack,
 
 857 So.2d 59, 62 (¶ 12) (Miss.2003) (citation omitted). Further, after a thorough review of the map included in the record, we fail to see how any significant congestion would be alleviated if the easement were available for use. As such, we find Brinsmade’s assertions are without merit.
 

 III. Judicial Notice
 

 ¶21. Brinsmade further argues that the circuit court erred by failing to consider a previous declaratory judgment by the chancery court. The declaratory judgment ordered that the public easement in question was subject to section 17-1-23(3) of the Mississippi Code Annotated, and until the statutory requirements were met, the easement could not be considered vacated. Brinsmade urges this Court to hold that, pursuant to Rule 201 of the Mississippi Rules of Evidence, the circuit court was required to take judicial notice of the chancery court’s declaratory judgment.
 

 ¶ 22. Under Rule 201(d) of the Mississippi Rules of Evidence, a court shall take judicial notice “if requested by a party and supplied with the necessary information.” Although Brinsmade included a copy of the declaratory judgment from the chancery court in his record excerpts on appeal to this Court, he did not include any pleadings or orders from the chancery court in his bill of exceptions to the circuit court. The circuit court’s judgment made note of this in its decision, and Brinsmade admits in his brief on appeal that he did not provide the circuit court with a copy of the judgment or any pleadings from the chancery court. Instead, he submits that by simply providing the circuit court with the case number, location of the court, and date of the judgment, the circuit court had sufficient information from which to take judicial notice. We disagree.
 

 ¶ 23. It is well settled that the bill of exceptions constitutes the record on appeal from a municipality’s decision, and the circuit court must not consider matters that are not a part of that record.
 
 Pruitt v. Zoning Bd. of City of Laurel,
 
 5 So.3d 464, 469 (¶ 14) (Miss.Ct.App.2008). As the aggrieved party, Brinsmade had the responsibility to ensure that all relevant material was included in the bill of exceptions. By his own account, Brinsmade failed to include these documents in the bill of exceptions. Accordingly, this issue is without merit.
 

 IV.Municipal Land-development Ordinance
 

 ¶24. Brinsmade contends in his final argument that the circuit court erred by not considering whether the City violated its own rules and ordinances. Brins-
 
 *1166
 
 made did not include these ordinances for review in either his notice of appeal or in the bill of exceptions. As we stated above, and as the circuit court properly noted, evidence outside the bill of exceptions is not to be considered on appeal.
 
 Id.
 
 Further, “courts do not and cannot take judicial knowledge of municipal contracts and ordinances.”
 
 Stewart v. City of Pascagoula,
 
 206 So.2d 325, 327 (Miss.1968). Accordingly, we find this issue lacks merit.
 

 CONCLUSION
 

 ¶25. We do not find anything in the record to support Brinsmade’s claims that the City acted arbitrarily or capriciously in vacating the public easement in Edge-water Cove. The City followed the proper requirements to vacate a municipal easement. As a non-abutting landowner, Brinsmade was not a person adversely affected by or directly interested in the vacation of the easement. Moreover, the record lacks support that the City failed to consider public-safety concerns, or the circuit court erred by not taking judicial notice of municipal ordinances or of the chancery court’s previous judgment. Therefore, we affirm the circuit court’s judgment.
 

 ¶ 26. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.