# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-IA-01301-SCT

*BOARD OF SUPERVISORS OF JACKSON
COUNTY, MISSISSIPPI*

*v.*

*QUALITE SPORTS LIGHTING, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/03/2020 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| TRIAL COURT ATTORNEYS: | RUSSELL SCOTT MANNING |
| | JACKYE C. BERTUCCI |
| | JAMES H. COLMER, JR. |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JAMES H. COLMER, JR. |
| | JACKYE C. BERTUCCI |
| ATTORNEY FOR APPELLEE: | RUSSELL SCOTT MANNING |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 05/05/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., CHAMBERLIN AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1. This is an interlocutory appeal concerning the 2018 amendments to the process of appealing a decision of the governing authority of a municipality or county as laid out in Mississippi Code Section 11-51-75 (Rev. 2019). Qualite Sports Lighting contends that the amended statute allows it to conduct discovery and to go beyond the record before the Jackson County Board of Supervisors. We conclude that it does not, and we reverse the

circuit court's order to the extent that it permitted Quailte to go beyond the record made before the board of supervisors.

## FACTS

¶2. In May of 2020, the Jackson County Board of Supervisors set out a proposal soliciting bids to prequalified vendors for an athletic field lighting system at the Vancleave soccer field. The proposal requested bids for two lighting systems: the "Base Bid" was for a HID lighting system, and the "Alternate Bid" was for an LED lighting system. Only two companies qualified through the prebid vetting process—Musco Sports Lighting, LLC, and Qualite Sports Lighting, LLC.

¶3. On June 9, 2020, bids were received through electronic reverse auction. Qualite bid one cent less than Musco on the LED system, but Qualite's delivery time was forty days as opposed to Musco's twenty-one-day delivery time. To get a recommendation, the board of supervisors hired Brown, Mitchell & Alexander, Inc. (BMA), as project engineer for the lighting system. The project engineer stated, in a letter concerning the bids on the projects, that references for both suppliers had been contacted to gauge responsiveness on warranty issues, and Musco was determined to be "much more responsive on warranty issues, while also providing a faster delivery time."

¶4. On July 6, 2020, the board of supervisors found Musco to be the "lowest and best bidder" and awarded Musco the LED lighting system project.[1]

_____

[1] The resolution stated, in relevant part:

WHEREAS, the pricing for the LED lighting system was nearly identical, and taking in consideration faster delivery time, the project

2

¶5. Qualite then filed a timely notice of appeal from the board of supervisors' decision pursuant to Mississippi Code Section 11-51-75, as amended in 2018. Qualite's notice of appeal designated additional documents that the board contends were not before it when it rendered its decision.

¶6. The clerk of the board of supervisors filed the record of the proceedings on August 12, 2020, but the minutes from the July 6, 2020 meeting were not finalized at that time. The minutes were finalized on September 8, 2020, when the clerk substituted the official minutes from the July 6 meeting.

¶7. Following its notice of appeal, Qualite filed a Motion for Entry of Scheduling Order, which included a request for a discovery period, and issued subpoenas duces tecum to BMA, the project engineer, and PH Bidding Group, LLC, the company that conducted the electronic reverse auction for the project. The board of supervisors filed a response to Qualite's Motion for Entry of Scheduling Order, as well as a Motion to Quash Subpoenas Duces Tecum.

¶8. On appeal, the Circuit Court of Jackson County entered an order that, *inter alia*, denied Qualite's Motion for Entry of Scheduling Order to the extent that it requested a discovery period. The circuit court also denied the board of supervisors' motion to quash the subpoenas. Additionally, pursuant to Mississippi Code Section 11-51-75, the circuit court's

engineer, Compton Engineering, Inc., recommends awarding the Alternate Bid for the project to lowest and best bidder, MUSCO Lighting, for a total bid award of $190,000.00;

BE IT, THEREFORE, FOUND by the Board of Supervisors that MUSCO Lighting, with a bid of $ l90,000.00 and a delivery time of 21 days is the lowest and best bidder . . . .

3

order directed the clerk of the board of supervisors to supplement the record with the additional documentation designated by Qualite. The order also directed the parties to "confer on which documents should be made part of the record and any disagreement regarding the supplementation of the record shall be addressed and decided by this Court on proper Motion."

¶9. The board of supervisors then filed a motion to stay the requirements of the order entered by the circuit court. The circuit court granted the motion to stay on December 10, 2020.

¶10. Contemporaneously with its motion to stay, the board of supervisors pursued an interlocutory appeal to this Court, seeking an interpretation of the scope of "the record" pursuant to Section 11-51-75. This Court granted the board's Petition for Interlocutory Appeal on March 16, 2021.

## ISSUE

¶11. The board of supervisors stated the issue as follows:

> The sole issue in this appeal is what constitutes "the record" on appeal from a Board of Supervisors (or municipal governing board) for purposes of Miss. Code Ann. § 11-51-75, as amended July 1, 2018.

## STANDARD OF REVIEW

¶12. "This Court reviews matters of statutory interpretation de novo." *Am. Tower Asset Sub, LLC v. Marshall Cnty.*, 324 So. 3d 300, 302 (Miss. 2021) (citing *Chandler v. McKee*, 202 So. 3d 1269, 1271 (Miss. 2016)). "If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of

4

statutory construction." *Id.* (internal quotation marks omitted) (quoting *Hall v. State*, 241 So. 3d 629, 631 (Miss. 2018)). "This Court 'cannot . . . add to the plain meaning of the statute or presume that the legislature failed to state something other than what was plainly stated.'" *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1030 (Miss. Ct. App. 2011)). "But if the statute is ambiguous or silent on a specific issue, statutory interpretation is appropriate, and the Court must 'ascertain the intent of the legislature from the statute as a whole and from the language used therein.'" *Id.* (quoting *BancorpSouth Bank v. Duckett (In re Guardianship of Duckett)*, 991 So. 2d 1165, 1181-82 (Miss. 2008)).

¶13.     Appellate jurisdiction of the circuit courts is within the constitutional prerogative of the Legislature. *City of Jackson v. Allen*, 242 So. 3d 8, 21 (Miss. 2018), *superseded by statute on other grounds as noted in Am. Tower Asset Sub*, 324 So. at 302; Miss. Const. art. 6, § 156. But "[t]he Mississippi Constitution of 1890 vests in this Court the 'inherent power . . . to promulgate procedural rules . . . .'" *Belmont Holding, LLC v. Davis Monuments, LLC*, 253 So. 3d 323, 328 (Miss. 2018) (alterations in original) (internal quotation marks omitted) (quoting *5K Farms, Inc. v. Miss. Dep't of Revenue*, 94 So. 3d 221, 227 (Miss. 2012)). This "rests on the 'fundamental constitutional concept of the separation of powers' defined in Article 1, Sections 1 and 2, and Article 6, Section 144" of the Mississippi Constitution. *Id.* (internal quotation mark omitted) (quoting *5K Farms*, 94 So. 3d at 227).

**DISCUSSION**

¶14. The disputed matters Qualite designated to be included as part of the record on appeal include (1) communications between the engineering firm hired for the lighting project and county representatives or employees, (2) communications between the approved bidders for the project and county representatives or employees, and (3) communications between the third-party bidding company for the project and county representatives or employees. Essentially, what is at issue is whether Qualite can to go behind the record of the hearing before the board of supervisors to uncover what it alleges were irregularities or errors in the recommendations the board relied on in reaching its decision.

¶15. The 2018 amendment to Mississippi Code Section 11-51-75 removed the bill-of-exceptions requirement that was set forth previously by the statute. *Am. Tower Asset Sub*, 324 So. 3d at 302. "Under the revised statute, an aggrieved party may appeal a decision of the board of supervisors by filing a notice of appeal[,]" similar to the procedure set forth in the Mississippi Rules of Appellate Procedure. *Id.* at 302-03. However, "a new statute will not be considered as reversing long-established principles of law and equity unless the legislative intention to do so clearly appears." *Lawson*, 75 So. 3d at 1029 (internal quotation marks omitted) (quoting *Thorp Com. Corp. v. Miss. Rd. Supply Co.*, 348 So. 2d 1016, 1018 (Miss. 1977)).

¶16. Before the 2018 amendment, the bill of exceptions acted as the record on appeal from a board's decision. "Because the action is an appeal, the circuit court sits only as an appellate court, and may consider no evidence presented outside the bill of exceptions." *Falco Lime, Inc. v. Mayor & Aldermen of Vicksburg*, 836 So. 2d 711, 716 (Miss. 2002). The bill of

6

exceptions served to preserve the record of the proceedings before the board. *Allen*, 242 So. 3d at 18. It required the president of the board to sign and certify the accuracy of the record, and if the bill was unsigned it could be considered to be unreliable. *Id.* "The aggrieved party [bore] 'the responsibility to ensure that all relevant material was included in the bill of exceptions'" *Wirtz v. Adams Cnty. Bd. of Supervisors*, 278 So. 3d 1170, 1178 (Miss. Ct. App. 2019) (quoting *Brinsmade v. City of Biloxi*, 70 So. 3d 1159, 1165 (Miss. Ct. App. 2011)). "If the bill of exceptions is not complete and is fatally defective in that pertinent and important facts and documents are omitted therefrom, then the circuit court [would] not have a record upon which it can intelligently act." *Id.* (internal quotation marks omitted) (quoting *Pruitt v. Zoning Bd. of City of Laurel*, 5 So. 3d 464, 469 (Miss. Ct. App. 2008)). If the parties disputed the accuracy of the bill of exceptions, "the circuit court [was] best equipped to decide and create a record of such disputes. The circuit court likewise [was] equipped to consider whether other imperfections in the bill of exceptions render the record before it insufficient to consider the matters excepted." *Allen*, 242 So. 3d at 23. Only under very limited circumstances could the circuit court undertake a de novo review; if no hearing was held before the board, "the action does not really proceed under § 11-51-75 at all[,]" and a trial de novo is proper. *Falco Lime*, 836 So. 2d at 718.

¶17. In *Allen*, 242 So. 3d 8, this Court attempted to "restore fairness and sensibility to the bill of exceptions process," but the Legislature subsequently amended the statute and removed the bill of exceptions requirement. *Am. Tower Asset Sub*, 324 So. 3d at 302. Mississippi Code Section 11-51-75 now reads:

Any person aggrieved by a judgment or decision of the board of supervisors of a county . . . may appeal the judgment or decision to the circuit court of the county in which the board of supervisors is the governing body . . . . A written notice of appeal to the circuit court must be filed with the circuit clerk within ten (10) days from the date at which session of the board of supervisors . . . rendered the judgment or decision. Upon filing, a copy of the notice of appeal must be delivered to the president of the board of supervisors . . . and, if applicable, to any party who was a petitioner before the board of supervisors . . . .

> (a) The notice of appeal filed in the circuit court with the circuit clerk shall contain the following:
>
> > (i) The name of the county board of supervisors . . . as the appellee. If applicable, any party who was a petitioner before the board of supervisors . . . shall be named as an appellee.
> >
> > (ii) A succinct statement of the reasons, or grounds, for the appeal.
> >
> > (iii) A written description or designation of record which includes all matters that the appellant desires to be made part of the record.
> >
> > (iv) Appellant must also deliver a copy of the notice of appeal and a written designation of the record, along with a list of all documents or transcripts in appellant's possession, to the clerk of the board of supervisors . . . .
>
> (b) An appellee has ten (10) days from the filing of the notice of appeal with the circuit clerk to designate any other items or matters that appellee believes should be included in the designated record.
>
> (c) The clerk of the board of supervisors . . . must assemble a complete record of the proceedings to include all writings, matters, items, documents, plats, maps and transcripts of proceedings that were part of the record and deliver the complete record to the circuit clerk within thirty (30) days after the filing of the notice of appeal with the circuit clerk. The clerk

of the board of supervisors. . . shall certify that the record is accurate and complete and contains all writings, matters, items, documents, plats, maps and transcripts of proceedings designated by appellant and appellee in their designations of record.

(d) The circuit court, as an appellate court, either in term time or in vacation, shall hear and determine the same on the record and shall affirm or reverse the judgment. The circuit court shall enter an order establishing a briefing schedule and a hearing date, if any, for the parties to appear and present oral argument. If the judgment is reversed, the circuit court shall render such judgment or decision as the board of supervisors . . . ought to have rendered, and certify the same to the board of supervisors . . . . Costs shall be awarded as in other cases.

Miss. Code Ann. § 11-51-75 (Rev. 2019).

¶18.    In *American Tower*, the only case in which this Court has addressed the amended statute, we considered whether the failure to deliver "a copy of the notice of appeal . . . to the president of the board of supervisors" is a jurisdictional or merely procedural defect. *Am. Tower Asset Sub,* 324 So. 3d at 305. In today's case, no disagreement exists as to whether Qualite timely and correctly filed its notice of appeal under Section 11-51-75 to give the circuit court jurisdiction; the parties disagree about what matters the "complete record of the proceedings" can or cannot include.

¶19.    This Court applies the plain meaning of the statute and refrains from resorting to the canons of interpretation unless the statute is ambiguous. *Am. Tower Asset Sub*, 324 So. 3d at 302. If a statute is ambiguous, then "[t]he function of the Court is not to decide what a statute should provide, but to determine what it does provide." *Lawson*, 75 So. 3d at 1027 (citing *Russell v. State*, 231 Miss. 176, 94 So. 2d 916, 917 (1957)). "The Court looks to the

9

whole of a statute to avoid adhering to one sentence or phrase of statute of statute in a way that skews its true meaning." *Id.* at 1029 (citing *Manufab, Inc. v. Miss. State Tax Comm'n*, 808 So. 2d 947, 949 (Miss. 2002)). "This Court 'cannot . . . add to the plain meaning of the statute or presume that the legislature failed to state something other than what was plainly stated.'" *Id.* at 1030 (alteration in original) (quoting *His Way Homes, Inc. v. Miss. Gaming Comm'n*, 733 So. 2d 764, 769 (Miss. 1999)).

¶20. The first question, then, is whether the statute is ambiguous. Section 11-51-75(a)(iii) requires the notice of appeal to designate "all matters that the appellant desires to be made part of the record." But it does not specify whether the matters in Qualite's designation must have been matters that were presented to the board of supervisors, or whether matters not "part of the record" before the board can be included in the notice of appeal. Then, the first sentence of Section 11-51-75(c) requires the clerk to "assemble a complete record of the proceedings to include all writings, matters, items, documents, plats, maps and transcripts of proceedings that were part of the record[.]" Subsection (c) further requires the clerk to "certify that the record is accurate and complete and contains all writings, matters, items, documents, plats, maps and transcripts of proceedings designated by appellant and appellee in their designations of record."

¶21. The first sentence of subsection (c) suggests that "the" record is a fixed thing, independent of the parties' designations. This acknowledges that the record on appeal can only include matters that were part of the record before the board of supervisors. A "record" is "[t]he official report of the proceedings in a case, including the filed papers, a verbatim

10

transcript of the trial or hearing (if any), and tangible exhibits." *Record*, Black's Law Dictionary (11th ed. 2019). However, the latter part of subsection (c), as well as subsection (a)(iii), could be read to suggest that other matters can be designated as part of the record.

¶22. But, as noted above, "[t]he Court looks to the whole of a statute" and "avoids adhering to one sentence or phrase of statute in a way that skews its true meaning." *Lawson*, 75 So. 3d at 1027. Looking at the rest of Section 11-51-75, subsection (d) provides that the circuit court shall hear the case "as an appellate court" and must "determine the same on the record." The circuit court "shall affirm or reverse the judgment." In order to do so, the circuit court "shall enter an order establishing a briefing schedule and a hearing date, if any, for the parties to appear and present oral argument." The balance of the statute clearly suggests a traditional appeal, which lacks the mechanisms to vet new evidence—there is no mention of discovery, of depositions, the examination of witnesses, etc. The statute does not contemplate a trial in the circuit court to weigh evidence or resolve disputed facts, only briefing and oral argument as would be expected in an appeal limited to the record.

¶23. Examined in its totality, the plain language of the statute can only support the conclusion that the appeal permitted by the Legislature is one in which new evidence cannot be considered. Thus, we reverse the trial court's order to the extent it permits the record to be expanded beyond what was originally before the board of supervisors.

¶24. That being said, we also acknowledge that the circuit court must have the authority to ensure that the record it considers is authentic and complete. As this Court has noted, the procedure for appealing a board of supervisors' decision to a circuit court via notice of

11

appeal under the revised statute "is consistent with current appellate procedure in the Mississippi Rules of Appellate Procedure." *Am. Tower Asset Sub*, 324 So. 3d at 304. And, again, "a new statute will not be considered as reversing long-established principles of law and equity unless the legislative intention to do so clearly appears." *Lawson*, 75 So. 3d at 1029 (internal quotation marks omitted) (quoting *Thorp Com. Corp.*, 348 So. 2d at 1018).

¶25. Mississippi Rules of Appellate Procedure 10 provides, in pertinent part:

> **(a) Content of the Record.** The parties shall designate the content of the record pursuant to this rule, and the record shall consist of designated papers and exhibits filed in the trial court, the transcript of proceedings, if any, and in all cases a certified copy of the docket entries prepared by the clerk of the trial court.
>
> **(b) Determining the Content of the Record.**
>
> (1) *Designation of Record*. Within seven (7) days after filing the notice of appeal, the appellant shall file with the clerk of the trial court and serve both on the court reporter or reporters and on the appellee a written designation describing those parts of the record necessary for the appeal.
>
> (2) *Inclusion of Relevant Evidence*. . . . If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.
>
> (3) *Matters Excluded Absent Designation*. . . . The record shall not include, unless specifically designated,
>
> > i.     subpoenas or summonses for any witness or defendant when there is an appearance for such person;
> >
> > ii.    papers relating to discovery, including depositions, interrogatories, requests for admission, and all related notices, motions or orders . . .
> >
> > . . . .

12

(5) *Attorney's Examination and Proposed Corrections*.  For fourteen (14) days after service of the clerk's notice of completion under Rule 11(d)(2), the appellant shall have the use of the record for examination.  On or before the expiration of that period, appellant shall return the record to the trial court clerk, and shall append to the record (i) a written statement of any proposed corrections to the record, (ii) a certificate that the appellant or the appellant's attorney has carefully examined the record and that with the proposed corrections, if any, it is correct and complete, and (iii) a certificate of service indicating that the record has been returned to the clerk.  For fourteen (14) days after receipt of the certificate of service from appellant, appellee shall have the use of the record for examination.  On or before the expiration of that period, appellee, shall return the record to the trial court clerk, and shall append to the record (i) a written statement of any proposed corrections to the record, (ii) a certificate that the appellee or the appellee's attorney has carefully examined the record and that with the proposed corrections, if any, it is correct and complete, and (iii) a certificate of service, indicating that the record has been returned to the clerk. Corrections as to which all parties agree in writing shall be deemed made by stipulation. If the parties propose corrections to the record but do not agree on the corrections, the trial court clerk shall forthwith deliver the record with proposed corrections to the trial judge.  The trial judge shall promptly determine which corrections, if any, are proper and enter an order under Rule 10(e).  Within five days, the trial court clerk shall serve all parties and their attorneys with a copy of the order.  If a party does not agree with the court's order, that party shall, within five days of service of the order, request a hearing.  Such a request shall be assigned priority status on the trial judge's docket, and after a hearing, the trial judge shall promptly enter an order directing the court reporter and/or the trial court clerk to make the appropriate correction(s), if any, and to finalize completion of the record for transmission to this Court.  Once the order is entered, or if no hearing request is made, the record shall be returned to the court reporter and/or the trial court clerk who shall within seven days make corrections directed by the order.  The trial court clerk shall verify that any approved changes have been made and that the required certifications are appended to the record before sending it to the Supreme Court.

.  .  .  .

**(e) Correction or Modification of the Record.** If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth.  If anything material to either party is omitted from the record by error or accident or is misstated in the record, the parties by

13

stipulation, or the trial court, either before or after the record is transmitted to the Supreme Court or the Court of Appeals, or either appellate court on proper motion or of its own initiative, may order that the omission or misstatement be corrected, and, if necessary, that a supplemental record be filed. Such order shall state the date by which the correction or supplemental record must be filed and shall designate the party or parties who shall pay the cost thereof. Any document submitted to either appellate court for inclusion in the record must be certified by the clerk of the trial court. All other questions as to the form and content of the record shall be presented to the appropriate appellate court.

       **(f) Limit on Authority to Add to or Subtract from the Record.** Nothing in this rule shall be construed as empowering the parties or any court to add to or subtract from the record except insofar as may be necessary to convey a fair, accurate, and complete account of what transpired in the trial court with respect to those issues that are the bases of appeal.

M.R.A.P. 10.

¶26.   Mississippi Rule of Appellate Procedure 11(a) requires the appellant to "comply with the provisions of Rule 10 and . . . take any other action necessary to enable the clerk to assemble and transmit the record."

¶27.   Mississippi Rules of Appellate Procedure 10 permits courts to resolve disputes concerning the content of the record. "This Court has held that Rule 10(e) 'is not a vehicle for admitting new evidence into the record, a role generally reserved for the trial court; rather Rule 10(e) is a method for correcting the appellate record to reflect what occurred in the trial court.'" *In re Validation of Tax Anticipation Note v. Humphreys Cnty. Bd. of Supervisors*, 187 So. 3d 1025, 1031 (Miss. 2016) (quoting *Corrothers v. State*, 148 So. 3d 278, 315 (Miss. 2014)). Rule 10(f) provides that the court is only empowered to add or subtract from the record if the matters being supplemented are "necessary to convey a fair, accurate, and

14

complete account of what transpired in the trial court with respect to those issues that are the basis of appeal."

¶28. Section 11-51-75 does not provide a specific procedure for settling any disagreements about what constitutes the complete record on appeal. But since this Court has already acknowledged that the notice of appeal under the 2018-amended statute is consistent with the procedure provided by the rules of appellate procedure, we conclude that a similar procedure is permitted under the revised statute—the Legislature, after all, commands appellate jurisdiction, but this Court has the inherent authority to dictate procedure. ***Belmont Holding, LLC v. Davis Monuments, LLC***, 253 So. 3d 323, 328 (Miss. 2018). If the parties disagree as to what matters should or should not be included as part of the record for the appeal, then the differences should be settled by the circuit court. The circuit court should conduct a hearing to determine which matters are necessary to convey a fair, accurate, and complete account of the proceedings before the board. The circuit court shall, if necessary, instruct the clerk of the board to supplement the record with the necessary materials.

### CONCLUSION

¶29. This case is remanded to the circuit court so that the circuit court may decide whether the particular matters Qualite designated on appeal should have been made part of the record, under the standards laid out in this opinion. The circuit court should follow a procedure informed by Mississippi Rule of Appellate Procedure 10, which allows that court to ensure that the record "convey[s] a fair, accurate and complete account of what transpired" before the board of supervisors.

¶30.    **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**